MEAD VS STEGER.

*Touching the admissibility of parol evidence to vary a written contract.*

1. It is not allowable to contradict, extend, or vary *substantially*, a written contract, or its legal import, by parol evidence.

2. Where parties have agreed upon the terms of a contract, which is afterwards reduced to writing, the verbal agreement is merged in the written contract, and cannot be varied by parol evidence, and even though the verbal and written contracts were simultaneously made, the rule is not varied.

3. But where a monied consideration is expressed in a deed, parol evidence has been admitted, to shew the consideration to have been greater or less than that stated, as *it is* not usual to state it with precision:

4. So, where by fraud or undue means, there was an omission to state the contract truly:

5. Or, where the contract contains a latent ambiguity:

6. Or, where a deed contains nothing respecting the consideration, it may be upheld by shewing what it was:

7. Or, where a deed, after stating a certain consideration, adds the general words, "and for other considerations,"— parol evidence has been admitted, to shew what those other considerations were:

8. So, a lesser or a greater consideration of *the same character*, may be shewn; and,

9. So, where a deed is made, "in consideration of natural love and affection, and one dollar," parol evidence has been admitted to shew that other valuable considerations passed.

Error from the Circuit Court of Jackson county.

Assumpsit, on the following instrument in writing:

"$190.  On or before the first day of January next, I promise to pay Allen Steger, or order, the sum of one hundred and ninety dollars, the same being for the hire of negroes, and rent of land:— which negroes are Ned and Davy.  Said negroes to be clothed with the usual clothing.  Value received, &c.  March 12th, 1834.

SAMUEL MEAD; [seal.]"

And at the October term of said Court, plaintiff below, declared against defendant, for that whereas defendant, theretofore, to wit, on the twelfth day of March, one thousand eight hundred and thirty-four, in said county, by his writing of the same date without seal, subscribed by the name and description of Samuel Mead, promised on or before the first day of January, afterwards, to pay to said plaintiff, or order, the sum of one hundred and ninety dollars, for the hire of negroes and rent of land, said negroes being Ned and Davy.  And in which said writing, said defendant bound himself, that said negroes should be furnished with the usual clothing.  And the plaintiff averred, that said defendant did have, use and enjoy the lands, rented to him by the plaintiff, from the said twelfth day of March, one thousand eight hundred and thirty-four, until the said first day of January next, afterwards, to wit, in said county.  And that he did have and use the said negroes, Ned and Davy, all belonging to said plaintiff, from said twelfth day of March, one thousand eight hundred and thirty-four, until the said first day of January, one thou-

sand eight hundred and thirty-five, to wit, in said county. And plaintiff averred, that said defendant did not furnish said negroes with their usual cloth-ing, but wholly neglected the same. By means whereof, said defendant became liable, to wit, on the second day of January, one thousand eight hundred and thirty-five, in said county, to pay said plaintiff, said sum of one hundred and ninety dol-lars, and to pay him the value of said clothing, which he averred to be worth, to wit, thirty dollars. And being so liable, he the said defendant, then and there, last aforesaid, in consideration thereof, undertook and faithfully promised said plaintiff, to pay him said sums of money, when he should be thereunto afterwards requested. Yet the said de-fendant, though often requested, had not as yet paid said plaintiff said sum of money, to wit, one hundred and ninety dollars, or any part thereof, nor had he paid said plaintiff, the value of said clothing, or any part thereof, but to pay the same had refused, &c.

To this declaration, the pleas filed, were,—non-assumpsit—no consideration and failure of consid-eration; to which pleas, there were replications and issues.

And at the April term, one thousand eight hun-dred and thirty-six, the defendant submitted the following affidavit, and the cause was continued, to wit: Samuel Mead makes oath, that the considera-tion of the note, on which this suit is brought, was the rent of a plantation, for the balance of the year, one thousand eight hundred and thirty-four, after the date of the said note; the hire of the ne-

groes in said note mentioned; and the privilege of cutting and using timber on said land, within the fence. The said defendant, contracted for the privilege, with a view of getting boat gunnels, and other timber, to be used at his saw mill, which privilege formed the chief motive that induced affiant to make the contract. Said privilege was worth from eighty to ninety dollars. The defendant got, under said privilege, timber to the value of about eight or ten dollars, when said plaintiff prevented said defendant from getting any more timber, and he has never got any more, as he was prevented during the balance of the term. Defendant could prove the facts above stated by Stephen Haynes. Said plaintiff also detained the negro Ned, about eight or ten days, during the term. Defendant also furnished the clothing according to the note.— Sworn to and subscribed by defendant.

And at the April term of the same Court, one thousand eight hundred and thirty-seven, the parties came, and thereupon, a jury of good and lawful men, being elected, impanneled, sworn and charged, well and truly to try the issue joined, upon their oaths, said, that they found the issue in favor of the plaintiff, and assessed his damages at two hundred and thirty dollars and twenty cents. It was therefore considered by the Court, that the plaintiff recover of the defendant, the damages aforesaid, by the jury aforesaid, assessed, and also his costs, &c.

And the defendant filed his bill of exceptions, which stated that plaintiff had read his note declared on, for one hundred and ninety dollars, as

above set forth, in evidence, to the jury; and proved that defendant had occupied, during the year one thousand eight hundred and thirty-six, the plaintiff's land, and had possessed two of his negroes : the witness, however, stated, that if defendant had not occupied the land, and possessed the negroes, during the whole of that time, he, the witness, did not know it.

Defendant then offered to prove by witnesses present, that the consideration of said note was the rent of a plantation, for the balance of the year one thousand eight hundred and thirty-four, after the date of said note; the hire of the negroes mentioned in said note, and the privilege of cutting and using timber on said land, within the fence: That defendant contracted for the privilege, with the view of getting boat gunnels, and other timber, to be used at his saw-mill : That said privilege was worth from eighty to ninety dollars : That when said defendant had got timber to the value of from eight to ten dollars, plaintiff, for the balance of the term, prevented defendant from getting any more. And no more was ever got.

To the introduction of this testimony the plaintiff objected, and the Court excluded the evidence offered, in relation to the timber, the privilege, and the prevention aforesaid; to all of which defendant excepted, &c.

And at the June term of this Court, the plaintiff in error came, and assigned for error, in the record of the proceedings in the Court below, and in the judgment that was rendered thereon, that the Court erred in excluding the evidence, as is shewn

in the bill of exceptions,—and therefore prayed that the said judgment might be reversed, &c. And defendant said there was no error.

*Hopkins* and *Parsons*, for the plaintiff in error.
*J. W. M'Clung*, contra.

COLLIER, C. J. — The defendant in error brought assumpsit against the plaintiff, in the Circuit Court of Jackson county, upon a writing, of which the following is a copy:

" $190. On or before the first day of January next, I promise to pay Allen Steger, or order, the sum of one hundred and ninety dollars, the same being for the hire of negroes, and rent of land: which negroes are Ned and Davy. Said negroes to be clothed with the usual clothing. Value received, &c. March 12th, 1834.

Samuel Mead. [Seal.]"

The plaintiff in error pleaded, non-assumpsit; no consideration; and failure of consideration.

On the trial, the defendant proved, in support of his declaration, the occupancy of his land, and the possession of the two negroes, named in the note, to have been with the plaintiff during the year one thousand eight hundred and thirty-four.

In his defence, the plaintiff offered to prove, that the consideration of his note, was the rent of a plantation for the balance of the year, eighteen hundred and thirty-four, after the date of his note; the hire of the negroes, Ned and Davy, and the privilege of cutting timber on the land, within the inclosure; that the privilege was of the value of

eighty or ninety dollars to him, and that after cutting eight or ten dollars worth of timber, he was prevented by the defendant from cutting more.— The introduction of so much testimony, as related to the privilege by the plaintiff to cut timber, and the refusal to allow it, was objected to by the defendant, and rejected to by the Court: whereupon, the defendant excepted, and here assigns for error, the exclusion of his evidence by the Court.

Was parol evidence admissible to shew any other consideration for the plaintiff's promise, than that expressed in his note?

It is not allowable to contradict or substantially vary a written contract, or its legal import, by parol evidence.—(9 Wheaton's R. 581. 3 Mason, 378.) Nor is it admissible to extend a written contract. (2 Day's Cases, 137.   1 Caine's R. 358.)

Where parties have agreed upon the terms of a contract, which is afterwards reduced to writing, the verbal agreement is merged in the written contract, and cannot be varied by parol evidence.—(3 Conn. R. 9.)   In such cases, it must be supposed that the writing, which is subsequent in point of time, truly expresses their definitive agreement.— *Sommerville vs Stephenson & Johnson,* 3 Stewart's R. 271.   And even though the verbal and written contracts, were simultaneously made, the rule would not be varied.

But notwithstanding the conclusiveness of the rule, which inhibits the introduction of parol evidence, to contradict or vary a written agreement, a party may shew that by fraud or undue means, there was an omission to state the contract truly.

(3 Starkie's Ev. 1015 & 6. 1 Murphy's R. 426. 4 Dessaus. 211.) So if it contain alatent ambiguity, parol evidence is admissible, in explanation, otherwise the contract might be wholly inoperative.— (5 Mass. R. 411. 3 Starkie's Ev. 1021.)

The agreement of the parties in the case before us, may be thus simplified. The defendant undertakes with the plaintiff, that he shall occupy his plantation and have the possession and services of his two slaves, for the year eighteen hundred and thirty-four. The plaintiff agrees, that as an equivalent, he will pay the defendant the sum expressed in his note:—here, are mutual undertakings, each in consideration of the other. The note in itself, does give the defendant a cause of action, but to entitle him to a recovery, it was necessary to prove a license to occupy the land, and an offer to deliver the negroes. Yet the writing bears on its face, evidence of a perfect contract, and it is not pretended that from fraud or other cause, it omits any stipulation of the parties. It is then clear, that if it come within the principles applicable to ordinary contracts, it was not admissible to shew, that any other cause, than that stated in the note, influenced the plaintiff's promise.

It has been argued, that the general rule, applicable to the admission of parol evidence, where the contract is in writing, does not apply to proof, such as that offered in the Circuit Court by the plaintiff: That there, the proposition was to shew an additional consideration, which it is said, is tolerated by authority. Without pretending to negative this argument, when applied to a proper state

5 P.      64

of facts, we are entirely satisfied that it is not permissible to prove an additional and different consideration from that expressed in the writing,—this would be to contradict it. Where it is said in a deed, that a conveyance is made in consideration of a *particular thing*, this imports the whole consideration and excludes the idea of any other. (1 Starkie's Ev. 1004.) If a deed contains nothing respecting the consideration, it may be upheld by shewing what it was; for this, is not to contradict the deed. (1 Ves. 128. 15 Mass. 92.)

Where a deed, after stating a certain consideration, adds the words, "and for other considerations," parol evidence is admissible to shew what were those other considerations. (1 Johns. C. R. 370.) But without these general words, it cannot be received. (1 Johns. R. 139. Ibid. 414.)

In Virginia, it has been decided, that where a deed is made, "in consideratien of natural love and affection, and one dollar," parol evidence was admissible to shew that other valuable considerations passed; (1 Rand. R. 219.) and that either party may aver and prove a consideration, different from that stated in the deed. (4 Hen. & Munf. 113.)

In South Carolina, it has been determined, that a different consideration from that expressed in the deed, cannot be shewn *at law*, but that a less or greater consideration of the same character may be shewn. (*Garret vs Stuart*, 1 M'Cord, 514.) Such we understand, to be the authority of the cases in *Roberts on Frauds*, to which we have been referred, by the plaintiff's counsel. (*Roberts on*

*Frauds* 117. note 58.   See further on  the point, 6 Harris & J. 276, 299.   1 Har. & Gill, 175.)

Where there is a monied consideration, expressed in a deed, the weight of authority, is in favor of shewing the consideration to have been greater or less, than that stated, for the reason, that it is not usual to state it with precision.   But it is against allowing proof of  a consideration wholly different from that set forth in the deed.   In the case before us, the evidence offered, did not tend to enlarge or diminish the consideration, as where  money alone is given, nor from its nature, could it be enlarged or diminished; and as no ground was laid for its introduction, by proof of a fraudulent omission in the contract, we are of opinion  that  it was properly excluded by the Circuit Court; and its judgment is therefore confirmed.