# SAUNDERS v. HENDRIX.

1. A receipt acknowledging the payment of money, is open to explanation by parol proof, showing that the money, either from mistake, misrepresentation, or from some other cause, was not in fact paid.

2. An acknowledgment in the body of a deed, that the consideration money was paid, is considered as a receipt for money merely, and open to explanation by parol proof as any other receipt for money.

3. When a receipt on the back of a note is so unintelligible, that it is doubtful whether it acknowledged the payment of one hundred or one thousand dollars, it is void for uncertainty, and parol proof is admissible to show the sum actually paid.

4. The widow of a co-maker of a promissory note is a competent witness in a suit by the payee against the other joint maker, to prove that a payment endorsed on a note, was one hundred and not one thousand dollars; and it will make no difference that an entry, suggesting the death of her husband, had not been made in the cause, at the time her deposition was taken.

ERROR to the Circuit Court of Tuskaloosa.

This was an action commenced by the defendant in error, against the plaintiff in error, and one Obadiah Mayfield, as joint makers of two promissory notes, for thirteen hundred and twenty dollars, each. Mayfield having died, the suit was abated as to him.

Pending the trial, a bill of exceptions was taken by the plaintiff in error, by which it appears that the plaintiff produced and read in evidence, the notes declared on. Upon the notes were sundry credits, one of which, was contended by the plaintiff to be but one hundred dollars, whilst the defendant insisted that it was one thousand dollars. The plaintiff to explain the credit in dispute, offered the deposition of Mrs. Mayfield, widow of Obadiah Mayfield, one of the makers of the notes, to which the defendant objected, but the objection was overruled by the court, and the deposition admitted, to which the defendant excepted.

The plaintiff also introduced one White, who swore that he was at the house of Obadiah Mayfield some time in the month of May, 184-; that Mayfield told him that plaintiff had come there expecting to get a thousand dollars, and had got only one hun-

dred, which testimony was objected to by the defendant, but admitted by the court, and the defendant excepted.

The plaintiff also read to the jury, the deposition of H. C. S. Hendrix, the trustee in a deed of trust executed by Saunders and Mayfield, to secure the payment of the notes sued on, which was given in payment of the purchase money of the land conveyed by the deed. That he sold the land as trustee; that on the next day when he was about to make a title to the land, a controversy arose between the plaintiff and defendant, about a credit on one of the notes, the former contending that it was but one hundred, and the latter insisting that it was a thousand dollars. Witness asked Saunders, if he paid a hundred or a thousand dollars, the latter replied the note would show for itself, and made the same answer again to the same question. but finally said he had paid a thousand dollars. That at the sale, the defendant became the purchaser, but only paid ten dollars.

It was in proof, that the ambiguous credit was in the hand writing of the defendant.

The plaintiff also proved by the county clerk, that plaintiff, defendant, and Hendrix, the trustee, came to his office and delivered to him a deed, executed to the defendant by the trustee, to be recorded, after which the parties sat down to calculate the balance on the notes. That a dispute soon arose about a credit on one of the notes, whether it was one hundred or one thousand dollars; that the parties became excited and left his office; that soon after the plaintiff returned, and demanded the deed, but the defendant not being present, witness refused to deliver it.

The defendant then offered and read in evidence, a deed made by the trustee to the defendant, he having sold the land to him by virtue of the power in the deed, by which he acknowledged to have received from the defendant, the sum of sixteen hundred dollars, and moved the court to charge the jury that the deed of the trustee was evidence of its contents, and that the consideration stated in it was paid, and could not be disputed; which charge the court refused to give, and stated to the jury that they had nothing to do with the question arising on the deed, and that the same was withdrawn from their consideration.

To the refusal to charge, and to the charge as given, the defendants excepted.

The court having rendered a judgment for the plaintiff upon
29

the verdict of the jury, the defendant prosecutes this writ, and assigns for error, the matter set forth in the bill of exceptions.

B. F. PORTER, for the plaintiff in error.
PECK & CLARK, *contra*.

ORMOND, J.—The questions presented on the bill of exceptions for our consideration, are,

1. Whether the parol testimony offered in reference to the indorsement of payment on the note was properly received. The general doctrine in reference to a receipt, acknowledging the payment of money, is, that it is an admission, which although *prima facie* evidence against the party making it, is open to explanation by him, as that it was made by mistake or misrepresentation.

In this case, it appears that either from accident or design, a writing on the back of one of the notes, was so unintelligible that it was impossible, with certainty, to say whether it was designed as a receipt for one hundred, or for a thousand dollars. The defendant below, who wrote the receipt, insisting that it acknowledged the payment of the latter sum, whilst the plaintiff maintained it was the former. If then, the receipt was so uncertain that it was impossible to say whether it was designed for the one sum or the other, it was void for uncertainty, and parol evidence was admissible to prove the payment actually made, so that in either aspect of the case, the parol evidence was properly admitted. [Ensign v. Webster, 1 Johns. C. 145; Mead v. Steger, 5 Porter, 498.]

2. The widow of Mayfield, one of the makers of the notes sued on, was a competent witness; if she had any interest in the matter it was against the party calling her, as the estate of her husband might be called on for contribution. There is no force in the objection that the entry abating the suit was not made at the time of the taking of her deposition. The suit was abated as to him, by his death, and the suggestion to the court is for the purpose of reviving it.

3. The deed offered by the defendant, made by the trustee to him, reciting the payment of the consideration therein expressed, was not conclusive of that fact, even as against the trustee. Formerly, it appears to have been considered that the party was estopped by his deed from showing that the consideration acknow-

ledged in the body of the deed to have been received, was not in fact paid, but the law is now well settled to be otherwise, and that such an acknowledgment in the deed, is a mere receipt, and as much open to explanation, as if endorsed on the back of the deed. [Shepherd v. Little, 14 Johns. Rep. 210; Bowen v. Bell, 20 ib. 338; Mead v. Steger, 5 Porter 498.]

But in this case, although the actual receipt of the purchase money by the trustee would have been good against the plaintiff, as the former was acting by virtue of a power from the latter, and thereby created an agent for that purpose, it might well be questioned whether his *acknowledgment* of such payment, was evidence of that fact against the plaintiff, as he was a competent witness. He was in fact examined in the cause, and expressly swore that no part of the consideration was paid, but ten dollars. The charge of the court therefore, that the jury had nothing to do with the questions arising under the deed, was substantially correct.

Let the judgment be affirmed.