## PETTUS v. ROBERTS.

1. P. exchanged two female slaves with R. for a negro man, and gave him a receipt acknowledging to have received from him $850 for the two slaves, which he warranted to be sound. Afterwards, R. insisting that one of the slaves was unsound, offered to rescind the contract, which P agreed to if R. would receive back the negro man, which he refused, and demanded the $850. R. having brought an action against P. on the warranty,—*Held* 1. That the receipt was open to explanation by parol proof showing what the contract really was. 2. That P. had the right to return the slave he had received, when the recission was demanded, and that upon his failure to do so, the measure of damages would be the value of the slave at the time he received him, unless at the time of the exchange the parties estimated his value. 3. It was not necessary to a rescision that the plaintiff should offer to return the bill of sale.

ERROR to the Circuit Court of Sumter.

Assumpsit on a false warranty in the sale of two slaves.

Upon the trial, the plaintiff introduced in evidence the following instrument:

"Received of John Roberts eight hundred and fifty dollars, in full for two negroes—Caroline, aged twenty-seven, and her daughter Aggy, about nine. I warrant the title good and the property sound.  A. W. PETTUS.

January 10th, 1842."

It was in proof, that the plaintiff, some time after the date of the writing, tendered to the defendant the said slaves, and demanded eight hundred and fifty dollars. The defendant then offered to prove that the consideration was not eight hundred and fifty dollars, but a negro man named Alfred; and that he offered, when the demand was made, to return said negro man, but the court refused to permit the evidence to go to the jury. There was no proof of an offer to return the bill of sale.

The defendant moved the court to charge, that in order to a rescision, it was necessary for the plaintiff to show that he had offered to return the bill of sale; also, that if the plaintiff had the negroes in possession since the offer to return, and that their services was worth as much as the interest on the purchase money,

they might refuse to allow interest: which charges the court refused to give; and to which the defendant excepted.

Judgment being rendered for the plaintiff, the defendant prosecutes this writ, and assigns for error the rejection of the evidence, and the refusals to charge, as shown in the bill of exceptions.

BLISS & BALDWIN, for plaintiff in error, insisted, that this was a mere receipt, and as such, might be contradicted or explained. They cited Greenleaf's Ev. § 285, 305; 16 Wend. 460, 4 N. H. 229; 7 Pick. 553; 5 Ala. 224; id. 430.

J. B. CLARKE and METCALFE, *contra*, argued, that although the bill of sale might be explained by showing a consideration smaller than that stated in it, it could not be contradicted by showing a different consideration. [5 Porter, 498.]

That the consideration inserted in the bill, was the price agreed to be given for the slave Alfred, and was, therefore, binding on the parties. [4 Esp. 95; 2 Stew. 498; 9 East, 349.] To show that that the plaintiff was entitled to interest, they cited 5 Wend. 535.

ORMOND, J.—The principal question in the cause is, whether the defendant could show, in mitigation of damages, that the true consideration of the receipt was not "eight hundred and fifty dollars," but that it was a negro slave by the name of Alfred.— The importance of this testimony to the rights of the defendant is apparent. The suit is on a false warranty in the sale of two slaves, for whom, it appears by the receipt, eight hundred and fifty dollars were paid. The plaintiff offered to rescind the contract, alleging the slaves to be unsound, and demanding the sum of money specified in the receipt. The defendant was willing to rescind if the plaintiff would receive the negro Alfred, who, instead of the money expressed in the receipt, was the true consideration of the sale, or exchange, as, in truth, it appears to have been. And as in justice the plaintiff had no right to demand a larger or different consideration than that paid by him on the purchase of the slaves, upon a rescision of the contract, such proof should be permitted to be made, unless forbidden by some strict rule of law.

That a written instrument cannot be varied or contradicted by

parol testimony, is a familiar rule of evidence daily acted on in courts of justice, and of most beneficial tendency. Receipts have been long considered as an admitted exception to the rule. They are considered as admissions, and may be contradicted, varied or explained by parol testimony. The question, whether the recital of the consideration in a deed stood upon the same footing, and to what extent it was open to explanation has long been a vexed question. This question was considered by this court in Mead v. Steger, [5 Porter, 498,] and it was there held, as the result of the cases, that where a moneyed consideration was expressed in a deed, it might be shown to be greater or less than stated; but that a different consideration could not be proved.— In Saunders v. Hendrix, [5 Ala. 224,] we held that an acknowledgment in the body of the deed that the consideration money was paid, was a receipt for money merely, and open to explanation by parol proof as any other receipt for money.

In McCrea v. Purmort, [16 Wendell, 466,] it was held by the court, after an elaborate examination of all the cases, English and American, that the consideration clause in a deed was as open to explanation as an ordinary receipt, and that the party was only estopped by such an admission from denying there was a sufficient consideration to pass the estate granted. And, accordingly, it was held in that case, permissible to show that the consideration expressed in the deed was not money, but iron, of a specified quantity, valued at a stipulated price.

The receipt in this case not being under seal, the case is free from the embarrassment created by the supposed estoppel, where the instrument in which the admission is made, is a deed. It is both in form and substance, a mere receipt, and we are clear, that no obstacle exists to the establishment, by parol proof, of the real consideration. From the proof, it appears that the contract between the parties was an exchange of the two slaves, mentioned in the receipt or bill of sale, for a negro man by the name of Alfred, and the defendant had the clear right, upon a rescision of the contract, to return the slave which he had so received in exchange; and upon a failure to return the slave, the measure of damages would be the value agreed upon by the parties, at the time of the exchange, if an estimate of the value was then made and agreed on. If no such estimate was made, then the measure of damages would be the actual value of the boy given by

the plaintiffs in exchange at the time the transaction took place.

The jury were not bound to allow interest on the purchase money to the plaintiff, and might, if the facts in proof justified it, take into consideration the value of the services of the slaves in possession of the plaintiff, in their estimate of damages.

It was not necessary to a rescission of the contract, that the plaintiff should have offered to return the bill of sale, as the rescission would have deprived it of any legal effect, and it would have become mere waste paper.

Let the judgment be reversed, and the cause remanded.