MURPHY, Trustee, &c., vs. THE BRANCH BANK AT MOBILE.

1. Parol evidence is inadmissible in a trial at law, to prove a consideration inconsistent with, or different from, that expressed in a deed.

Error to the Circuit Court of Monroe. Tried before the John Hon. Bragg.

This was a trial of the right of property in several slaves, levied on under an execution, in favor of the defendant in error, against Alonzo B. Dossey, and claimed by the plaintiff in error, as the trustee of Mary M. Dossey, wife of the said Alonzo B. The plaintiff in execution introduced proof of possession by said Alonzo B. of the slaves in controversy, at the time of the levy, and of their value. The claimant proved, that Mary M. Dossey is the daughter of one John Murphy, who was once the owner of certain slaves, which subsequently to the intermarriage of his daughter with Alonzo B. Dossey, he delivered to the latter, on condition, and on the promise of the said Alonzo B. that he would, in due time, convey them to a trustee, to be held for the sole and separate use of the said Mary M.: and that in compliance with this promise, the said Alonzo B. on the 8th day of March 1839, executed a deed for the slaves to the said John Murphy, for the use of the said Mary M. and her children, free from the control, &c., of the said Alonzo B. A copy of the the deed is found in the record, which recites that the said Alonzo B., " for and in consideration of his anxiety to provide for his said wife a competent support, in case of any future misfortune and embarrassment, and in and for the further consideration of one dollar, in hand paid, &c., hath bargained, sold," &c. This deed is signed by the said John Murphy and said Mary M. Dossey, also, and contains a provision that the trustee shall sell and dispose of the property, whenever requested so to do by the said Mary M. It was shown that John Murphy was dead, and that the claimant had been duly appointed trustee in his stead, and that the slave, Silva, named in the deed, had at the request of Mrs. Dossey been exchanged by him for Jane, one of those levied on, and that all the slaves levied on except one by the name of Emily, are the children of Jane.

The court charged the jury, that notwithstanding the circumstances under which the defendant in execution first acquired the possession of the slaves, and his undertaking to convey them to a trustee, to be held for the sole and separate use of his wife, the deed to John Murphy was wholly voluntary: to this charge the claimant excepted, and it is now assigned as error.

Murphy, Trustee, &c. v. The Br. Bank at Mobile.

T. & J. Williams & Blount, for plaintiff in error:

1. The deed and bill of exceptions show that Dossey, the defendant in execution never had title to the property. The ·condition upon which he received it, negatives the idea of any interest in the property being given to him. It was placed in his possession for a specific purpose, which he performed, as a Court of Equity would have compelled him to have done, had he refused. Even where one receives a conveyance of property upon a verbal stipulation that he will dispose of it conditionally or absolutely, *for the benefit of another*, he will be compelled to fulfil his engagement. Harkins v. Coalter, 2 Porter, 463; Calhoun v. Cozzen, 3 Ala. Rep. 498; Lewis v. Hudson, 6 Ala. Rep. 463; Sledge's adm'rs. v. Clopton, 6 Ala. Rep. 589; Lamb v. Wragg & Stewart, 8 Porter, 72; Kennedy's heirs v. Kennedy, 2 Ala. Rep. 596; 7 Johns. Ch. Rep. 57. See 2d Johnson, 139, on parole promise.

2. The title to the property mentioned in the deed, vested in the trustee. In the absence of one duly appointed by the deed, a Court of Equity would regard the husband as such. Harkins v. Coalter, 2 Porter, 463, and a court of law is the proper forum to litigate *the legal title* with an adverse claimant. Colburn v. Broughton, 9 Ala. Rep. 363 and 364. Whenever the trust can be supported in equity, this court will consider the trustee entitled at law. Haslington v. Gill, 3 Term Reps. 620.

3. Where the wife has a separate estate in the slaves, and the husband and wife live together, the possession of the husband is the possession of the wife. Lee v. Mathews, 10 Ala. Rep. 682. The only evidence of title in the husband arose from the slaves being in his possession, and should have been refered to the deed, showing the legal title to the property to be in the trustee of Mrs. Dossey, without other proof of fraud beyond possession, which was accounted for in this case. The court should have instructed the jury that they could not find the property liable, &c, as set forth in the bill of exceptions. Tripp's ex'rs v. John, June Term, 1848.

4. Property purchased by the trustee, with funds constituting a portion of the separate estate of a married woman, is not subject for the debts of the husband. Browning v. Coppage, 3 Bibb Rep. 38; Quick v. Garrison, 10 Wend. 335 and 337;

Cadogan v Kennett, 2 Cowper's Rep. 432. So property exchanged for the trust estate, partakes of the nature of the trust, and the substituted property would not be liable to the debts of the husband. Jarman v. Woolston, 3 Term Rep. 618; Haslington v. Gill, 3 Term Rep. 620; Dean v. Brown, 12 Eng. Com. Law 30; Goddalt, v. Prentice, 17 Mass. 546.

5. Whether property passing from a parent to a child being a loan or gift, depends upon the intention of the donor, and it may be limited at the time of the delivery, to *a less estate*, than an absolute gift, and this by parole. Olds v. Powell, 7 Ala. Rep. 652.

6. Where, by a post nuptial settlement, property of the wife, be settled on her by the husband, such settlement being no more than what a court of chancery would order, the same is good against existing creditors of the husband. Wicks v. Clark, et als. 8 Paige, 161; 2 Story's Eq. Jur. 745, § 1377, 3d edit.; 1 Story's Eq. Jurisprudence, 375, § 372; 3d edit. It is insisted here that Dr. Dossey did, what under his promise to Gov. Murphy, a court of chancery would have compelled him to have done.

A. B. COOPER, for defendant in error:

1. The trustee and all the parties to the deed are estopped from denying that Dossey had not the entire estate in the property named in the deed. See 9 Wendell, 209; 4 Peters, 1; 6 Peters, 598.

2. That a trustee can only set up his legal estate, and cannot set up the secret arrangements and promises of the parties: That, claiming under the deed creating the trust, he cannot set up the equities of the parties.

3. That the deed was a voluntary deed, and must be treated as such; and if Jane, the slave levied upon, is not embraced in the deed, but was purchased or obtained by the trustee, there should be a deed of record to exempt her from creditors and purchasers.

DARGAN, J.—It is clear that the claimant and all the parties to the deed are estopped from denying that Dossey, the grantor, was the owner of the slaves, at the time the deed was executed. But as the deed conveyed the legal title to the

claimant, the question is, whether he can be permitted to show, by parol proof, that the deed was not voluntary, but was executed on a valuable consideration, which is not expressed in it. The consideration expressed in the deed is, the anxiety of the grantor to provide for his wife, and one dollar, in cash paid. The parol proof was, that the slaves belonged to John Murphy, the father of Mrs. Dossey, and were delivered to the husband, on the condition that he would convey them to a trustee, for the sole use of his wife, and that the deed was executed in pursuance of this trust. It is certainly established by the authorities refered to by the plaintiff, that on this evidence, a court of equity would have decreed the husband to convey the slaves, for the sole use of his wife, in pursuance of the trust on which he received them. Bishop's heirs v. Bishops heirs, 13 Ala. Rep. 475. And where one receives property upon a promise made by him to convey it in a particular manner, a court of equity will decree its conveyance in accordance with the promise. Kennedy's heirs v. Kennedy's heirs, 2 Ala. 596 : Sledge's ad'rs v. Clopton, 6 Ala. 589. If, therefore, a bill had been filed to compel the execution of the trust assumed by Dossey, at the time the slaves were delivered to him, a court of equity would have been compelled to have decreed its execution, not only as against him, but also as against his creditors. The deed however, is silent as to this trust, which was created in favor Mrs. Dossey, by the delivery of the slaves to her husband, and we are now to determine whether this proof can be considered in a court of law, to show that the deed is not voluntary.

The general rule is too well established now to be shaken, that a consideration not expressed in a deed, and which is inconsistent with the consideration expressed cannot be shown by parol proof. 1 Greenl. Ev. §§ 285 ; Mead v. Steger, 5 Porter, 498 ; 5 Stewart and Porter, 410. If, however, there is no consideration expressed, proof may be received to show what the consideration was. 1 Vesey, 128 ; 15 Mass. Rep. 92. And it is said, if a deed mentions a consideration, and adds the words for other considerations, that proof may be received to show what those other considerations are. So if a monied consideration is expressed, proof may be received to show that the sum was greater or less than the amount ex-

pressed in the deed. But the authorities deny that parol proof can be received to establish a consideration wholly different from that expressed in the deed. Garrett v. Stewart, 1 McCord, 514; Starkie Ev. 1004; 5 Porter, 506; 1 Johns. Rep. 139. Here the deed sets out the consideration on which it purports to have been executed, to wit, the anxiety of the grantor, to provide for his wife, and one dollar, in cash paid. The proof would establish that the deed was executed in conformity with an undertaking entered into by Dossey, at the time the negroes were delivered to him. This is a consideration entirely different from that mentioned in the deed, and parol proof cannot be received to establish it, without violating the well settled rules of evidence.

At law, therefore, we must hold the deed voluntary, and if the rights of Mrs. Dossey can be protected, it must be done by an application to a court of chancery, to reform the deed and establish the trust created in her favor, at the time the slaves were delivered to her husband.

Let the judgment be affirmed.