SWAFFORD v. WHIPPLE.

3g 261<br>
96 322<br>
3g 261<br>
111 277

No error in striking out, or sustaining demurrer to pleas that are inapplicable or insufficient.

Where a portion of the pleas were stricken out, without exception, and defendant went to trial on pleas considered good, the ruling of the court below, in relation to the rejected pleas will not be reviewed.

In an action of covenant on breach of warranty in a deed, the measure of damages is the consideration money paid, and interest.

Swafford *v.* Whipple.

The *onus probandi* lies upon that party who seeks to support his action or defence by facts of which he is supposed to be cognizant.

If, in an action of covenant, issue is joined on defendant's plea that he had title at the execution of the deed, the onus devolves on him to show the fact.

Parole testimony admissible to show the true consideration paid on a deed.

The amount named in a deed, only *prima facie* evidence of the amount paid.

ERROR *to Johnson District Court.*

*Opinion by* GREENE, J. Covenant by Whipple against Swafford, on a breach of warranty in a deed. The declaration states that the defendant on the 14th February, 1842, in consideration of two hundred and fifty dollars, conveyed and sold to the plaintiff a tract of land in Mercer county, Illinois, and that the plaintiff covenanted by the deed that he was lawfully seized in fee of the premises. The second count also sets out a covenant of seizure. Each count assigns the breach that the defendant was not seized in fee. By the record it appears that the defendant first filed a plea of performance of covenants, and after objection thereto by demurrer, filed six pleas: 1. Performance of all the covenants in the deed. 2. That he was lawfully seized of the premises. 3. That at the date of the deed he was seized of an indefeasible estate in fee simple. 4. Deed executed without a good consideration. 5. Deed obtained by fraud and circumvention. A motion to strike out the fourth and fifth pleas was sustained. On demurrer to the first three pleas, the court held the first to be insufficient, and that the second and third were good. At a subsequent term the defendant filed four additional pleas, which were numbered as the 4th, 5th, 6th and 7th pleas. A demurrer was sustained to all these pleas but the fourth, which averred that the deed was obtained by fraud and circumvention; thus leaving the second, third and fourth pleas upon which issue was joined. The cause was submitted to a jury, who returned a verdict for the plaintiff.

To the proceedings in this case, seven errors are assigned,

The first four relate to the pleadings. To the ruling of court in striking out the fourth and fifth pleas, and in sustaining the demurrers to the other pleas, we see no objection, as those pleas were either inapplicable or insufficient. Besides, the record does not show that the defendant objected to the decision in relation to them. By going to trial and resting his defence upon the three remaining pleas, and taking no exceptions to the ruling of the court in rejecting the other pleas, it must be presumed that the objection was waived. Had the party relied upon those pleas as material to his defence, he should have excepted below and should have had the matter presented to this court by bill of exceptions. *Cook* v. *Steuben Co. B'k*, 1 G. Greene, 463; *Eddy* v. *Wilson*, ib, 259. The same rule prevails in other States. In *Bowyer* v. *Hewitt*, 2 Gratt. 193, when no exception had been taken to opinion of the court rejecting a special plea offered by the defendant, it was held that the appellate court could not inquire into the correctness of that opinion. So in *Pelham* v. *Page*, 1 Eng. 535, where pleas were stricken out by the court below and not brought upon record by bill of exceptions; it was held that they could not in any manner, be regarded in the supreme court.

5. The fifth error alleged, is, that the court instructed the jury that if they believed the plaintiff ought to recover, the measure of damages which they ought to assess in favor of said plaintiff, is the amount of consideration money and interest on the same from the date of the deed, at the rate of six per cent. per annum.

We consider the objections urged to this instruction, without foundation. It does not necessarily limit the consideration money to the amount mentioned in the deed. It extends to the consideration money actually paid, and the legal interest thereon, agreeable to the wise, just, and moderate rule of common law, which has been adopted in most of the states of this Union. In Massachusetts, it is true a different rule was adopted in the first settlement of the

country, and still obtains. There, the measure of damages is the value of the land at the time of eviction. But in other states the measure is the value of the land or the consideration paid at the execution of the deed. In *Stark* v. *Ten Eyck*, 3 Caines, 111, it was decided that the damages for breach of a covenant of warranty are the amount paid, interest, costs of eviction and of the suit brought on the covenant. See also, *Pitcher* v. *Livingston*, 4 John. 1; *Bennett* v. Jenkins, 13 ib. 50; *Baldwin* v. *Munn*, 2 Wend. 399; *Sheets* v. *Andrews*, 2 Blackf. 274; *Bachus* v. *McCoy*, 3 Ohio 221; *Rutledge* v. *Lawrence*, 1 A. K. Marsh. 396; 3 ib. 354; *Tapley* v. *Lebrun*, 1 Mis. 550, 3 ib. 391; *Stubbs* v. *Page*, 2 Greenl. 378; 4 Dal. 441; 2 Dev. N. C. 30; 1 M'Mullan 37; 4 Humph. 99; 2 Harr., 304; 1 Pike., 313; 5 Barr Pa., 317; 5 Geo. 274. In *Sterling* v. *Peet*, 14 Conn., 245, it was held that in an action on a covenant of seizin, the damage is the consideration money and interest thereon; but upon a covenant of warranty the value of the land at the time of eviction. Chancellor Kent says, " the buyer, on the covenant of seizin, recovers back the consideration money and interest and no more." 4 Kent Com., 475. Under these authorities the correctness of the instruction, as a proposition of law, cannot be questioned.

6. The next point raised, is that the court erred in deciding that upon the issue joined, the burden of proof lay upon the defendant that he held the affirmative, and must first introduce evidence to sustain the issue, and that plaintiff was not bound to prove that the defendant had not kept his covenants as stated in the declaration.

It is a well settled rule of evidence that the party who alleges, shall prove the affirmative of any proposition. Ordinarily the issue lies upon the plaintiff, and the *onus probandi* is on him to establish what he affirms. But it frequently happens in making up an issue, the defendant assumes the affirmative proposition, or confesses and seeks to avoid the action, and would fail if no evidence in

avoidance should be adduced by him. In such event the proof is incumbent on the defendant as the party who would fail, if no evidence should be given on either side, or as the party who has thrown a negative proposition on the plaintiff, which might be difficult, and perhaps impossible for him to prove, and in relation to which, the defendant has all the evidence in his possession. Hence it is laid down that the *onus probandi* lies upon the party who seeks to support his action or defence by a particular fact of which he is supposed to be cognizant. Thus when a party pleads infancy, or a license, he must prove it. So if the defendant plead freehold in himself in an action of trespass *qua. clau. freg.* 1 Stark. Ev. 418–423.·

In *Ayer* v. *Austin*, 6 Pick. 225, the same rule is recognized as applicable to all cases, when by the pleadings, nothing essential to the action is required of the plaintiff, and when the finding for the defendant depends upon affirmative proof from him.

In *Abbott* v. *Allen*, 14 John. 248, was an action where the defendant covenanted that he had good title, and the court held that as a grantor is not bound to deliver to his grantee his evidences of title, the legal presumption is that he retains and can produce them; that the plantiff holds the negative merely, and is not bound to aver or prove an outstanding title until the defendant discloses his title; and that it is only incumbent on the plaintiff to negate the title of the defendant, who pleads affirmatively that he had good title.

In the present case there was but a single point in con troversy before the jury. The defendant pleaded that he was lawfully seized of the premises. Upon this question he assumed the affirmative; it was for his interest to prove it, as it would operate a complete bar to the action. The nature of the title to the premises may have rendered it extremely difficult, or even impossible for the plaintiff to prove the negative averment, as the only evidence in relation to the title may have been exclusively under the control

Q

of the defendant. If he had title at the time the deed declared on, was executed, he could easily have shown it; and if he had no title the covenant was broken, regardless of any third person who may have had the title. We conclude then that the court did not err in deciding that the *onus probandi* lay upon the defendant.

7. The only remaining point to be considered is, did the court err in rejecting evidence offered by defendant to show what the real consideration was, and that it was for other and different consideration from that expressed in the deed?

The general rule is supported by all the authorities, that in a court of law where the consideration money is expressed in a deed for the purpose of conveying land, the law will permit no averment to the contrary. This rule is applicable to all cases where the object is to defeat the conveyance on other grounds than that of fraud; but not in cases where the amount actually paid as consideration money, becomes a material inquiry, and is the measure of damages to be assessed. It is by no means uncommon for a grantor to acknowledge one consideration in a deed, and receive a much less, or entirely different consideration in satisfaction. For that reason the rule now generally prevails in American courts, that the clause in a deed acknowledging a sum of money as consideration for the transfer, is open to explanation by parole proof. It is held that as a receipt for money may be explained by parole, so in that respect may a receipt of money expressed in a deed. *Shephard* v. *Little*, 14 John. 210. And in *Bowen* v. *Bell*, 20 John, 339, it was held that the general rule as to the inadmissibility of parole proof to vary a written contract, or show a different consideration from that expressed in a deed, is not applicable to a case where the payment or the amount of the consideration becomes a material inquiry.

In *McCrea* v. *Purmort*, 16 Wend., 460, parole evidence was held admissible to show that the consideration was iron at a stipulated price, instead of money. The following

cases also show the admissibility of parole proof to explain the consideration expressed in deeds: *Morse* v. *Shattuck* 4 N. Hamp., 229; *Pritchard* v. *Brown*, ib. 400; *Harvey* v. *Alexander*, 1 Rand. 219; *Steele* v. *Worthington*, 2 Ham. 182–187; *Hutchinson* v. *Sinclare*, 7 Monroe 219–293; *Gully* v. *Grubbs*, 1 J. J. Marsh. 388; *Belden* v. *Seymour*, 8 Conn. 304; *Schullinger* v. *McCann*, 6 Greenl. 364; *O'Neale* v. *Indge*, 3 Har. and M'Hen. 433; *Weigley* v. *Weir*, 7 Serg. and R. 309; *Wilkinson* v. *Scott*, 17 Mass. 249; *Mead* v. *Steger*, 5 Port. 498; *Saunders* v. *Hendrix*, 5 Ala. 224; *Tisdale* v. *Harris*, 26 Pick. 9. A very recent case in New York contains the same doctrine. In an action, like the one at bar, upon a a covenant of seizin, it was held, that the true consideration, and that only part of it had been paid, might be shown by parole for the purpose of ascertaining the measure of damages, although the deed expressed a different consideration and acknowledged that the whole of it had been paid; and that therefore there is no necessity for resorting to equity for relief in such a case. *Bingham* v. *Weiderwax*, 1 Comst. 509. Under these authorities it must be conceded that the rule is well established in this country, that the clause in a deed acknowledging payment of the consideration money is merely *prima facie* evidence of the fact, and may be explained, controlled or rebutted by parole evidence; and is only conclusive to estop the grantor from alleging that the deed was executed without consideration. Upon this point then, the ruling of the court below was erroneous, and the judgment must be reversed.

Judgment reversed.

*C. Bates* and *J. D. Templin*, for plaintiff in error.

*Wm. Smyth* and *I. M. Preston*, for defendant.