## WINSTON v. METCALF.

1. P. and W. are the joint makers of a note to one J. W., who assigns it to M., but previous to any notice to the payers of the assignment, P., one of them, acquired a note made by J. W. payable to one J. P., and by him assigned to P.: *Held*, in a suit on the note by M. against W., that the latter was entitled to the benefit of the set off held by his co-maker P. against J. W., on producing the note at the trial, with the consent of P. to use it as a set off.

2. An agreement, contained in the body of a note, purporting to be in consideration of the hire of slaves, to return the slaves clothed, as slaves usually are, is not assigned by the indorsement of the note, nor can the assignee maintain an action for the breach of it, when suing for the money due on the note.

Writ of error to the Circuit Court of Sumter.

ASSUMPSIT by Metcalf, as the indorsee of a promissory note, described in the declaration, as made by Winston, for the payment of $200, to one Waller, on the 1st January, 1842, for the hire of two slaves, which were to be returned, clothed as slaves usually are. The breach assigned is, the nonpayment of the money, and the not returning the slaves clothed in the usual manner. The defendant, in addition to the general issue, with notice of set off, pleaded a special plea, to this effect: That the

note was made by one Pettus, and the defendant, the latter being a mere security; that Pettus, previous to the assignment of the note sued on, by Waller, to the plaintiff, had become the owner of a note made by the former, to one Pierce, for $125 50, due the 1st January, 1841, which note was assigned by the said Pierce, to Pettus, before any notice of the assignment of the note due to Waller. That the same was purchased as, and for, an off set to the note sued on, and for the joint account and benefit of the defendant and the said Pettus; and that the defendant, with the concurrence and consent of Pettus, produces the said note, so assigned, and offers to set off the same to part of the demand sued for. The Court sustained a demurrer to this plea, and at the trial, the same facts, in substance, were proved, before the jury, and also, that the defendant had no other interest in the note, than as an off set to this suit, and never had it in his possession, though it was produced in Court, and offered as a set off.

The Court rejected the set off, and this is now assigned as error, as is, also, the overruling of the demurrer to the plea.

BLISS and BALDWIN, for the plaintiff in error, cited Minor, 321; 1 Ala. Rep. N. S. 93; Bab. on Set Off, 22; 8 N. H. 539; 4 Ib. 236; 3 Mon. 19; 4 Ib. 1; 4 John. C. Rep. 15; 13 John. 9; 3 Mason, 145.

METCALF, contra, insisted that Winston had no interest in the note offered as a set off. [2 Ala. Rep. 675.] Besides, the general objection to the set off, as not being a debt between the same parties, a part of the demand sued for, is unliquidated damages, to which there can be no set off. [Williams v. Love, 2 Ala. Rep. 71; Chitty on Con. 658.]

A surety cannot set off the debt due to the principal. [Lyon v. State Bank, 1 Stewart, 442; Holmes v. Bullock, 4 Ala. Rep. 228; Clay's Digest, 382; Minor, 321.]

GOLDTHWAITE, J.—1. The validity of the set off produced at the trial, depends upon the construction of the statute of set off, in connection with other enactments supposed to bear on it. So much of that statute as affects the question now raised, is in these words: "In all cases where there are, or shall be, mutual debts subsisting between the plaintiff and the

defendant, or if either party sue or be sued, as executor or ad-
ministrator, where there are mutual debts subsisting between
the testator and the other party, one debt may be set off against
the other." [Clay's Digest, 338, § 161.] This statute was
enacted in 1807, at which time the enactment making joint ob-
ligations, &c., joint and several, had not been passed; nor was
our present statute, securing the right of the maker of a note, to
set off, against the assignee, any demand possessed against the
note previous to notice of the assignment, then in force. At
that time all promissory notes were assignable in the same man-
ner as inland bills of exchange. [Laws of Ala. 67, § 1.] It is
obvious therefore, when these statutes alone are regarded, the
question here presented, could not arise; first, because a *bona
fide* assignee took the note, discharged of all equities; and,
second, because the plaintiff was then constrained to sue all
the makers of the note jointly. The first change of law con-
nected with this subject, was made in 1812, when the general
negotiability of promissory notes was restrained, and a condi-
tion imposed upon their transfer. This condition is, " that the
defendant shall be allowed the benefit of all payments, dis-
counts, and sets off, made, had, or possessed, against the note
sued on, previous to the notice of assignment, in the same
manner as if the same had been sued and prosecuted by the
payee." [Clay's Dig. 381, § 6.

It is clear, with reference to this latter statute, if the suit
had been brought against both principal and surety, that the
note offered as a set off must have prevailed, for the case then
would be precisely the same as Pitcher v. Patrick, Minor, 321,
where a debt due the obligee, from one of two obligors, was
allowed as a set off to an action, by the administrator of the
obligee, against both obligors. To the same effect is Carson v.
Barnes, 1 Ala. Rep. N. S. 93. Both these decisions were
doubtless influenced by another enactment, passed in 1818,
which declared the effect of all joint obligations to be joint and
several, and permitted the plaintiff to proceed against any one
or more of the joint obligors, &c. [Clay's Digest, 323, § 61.]
It is this statute which warrants the plaintiff in this suit, in
proceeding against Winston alone; and it is insisted, the ef-
fect of it is, to prevent the introduction of any set off, exclusive-
ly owned by the other maker of the note, inasmuch as the

debt, in this condition of the case, cannot be said to be mutual. The strongest point of view, in which this case can be considered, on the part of the plaintiff, is, that the character of joint and several obligations, is not so completely changed, as to abolish the consequences which arise from the death of one of the makers; in which event, a complete legal remedy only remains as against the survivors; or, rather, there is not an unrestricted right to proceed against the personal representative of the deceased maker. This point received some consideration in the case of Von Pheel v. Connally, 9 Porter, 452. There the action was, by the assignees of a note, payable by two persons; to this action the defendant pleaded a set off, due by *open account*, from a firm, of which the payee of the note was a partner, and this was held not to be a mutual debt, within the meaning of the statute. The precise difference between that case and this, or the principle we are now considering, is, that no several suit, could have been brought against the person owning the account, inasmuch as demands of that description, are not made joint and several by the statute. It is perhaps, impossible to say, that this feature of joint obligations, remaining unchanged, may not have its effect in some cases, but what this effect is, it is improper to speculate on in advance.

Independent of any consideration, whether this is a mutual debt, within the terms of the general statute of set off, we think it is within the precise words of the restriction imposed on the assignment of promissory notes. When the plaintiff acquired his interest in the note sued on, it was affected with the right of the principal debtor, to set off the note, then held by him against the payee; and it seems to us, that this right can be in no wise impaired by any act of the plaintiff. True, he is entitled to sue either party severally, but it by no means follows, that when he does so, that he avoids any defence which could be interposed, if the suit was brought against the principal debtor. Any other construction of the statutes, will lead to the great injustice of allowing a party, by selecting one out of several persons, equally responsible to him, to avoid the just operation of the law.

The principal debtor is liable to indemnify his surety, whenever the latter pays the debt; and when the former has

procured a valid set off, we perceive no sound reason why the surety should not be permitted, with his consent and concurrence to enforce it, in the same manner as if the suit was against both, jointly. The case of Lyon v. The State Bank, 1 Stew. 442, does not assert a principle different from that now held; for there, no assent of the principal debtor was shown, that the money due to him from the Bank, and held on deposit, should be applied in discharge, or as a set off of the debt. We are not to be understood as disturbing those decisions, where we have held that a set off must be such a legal debt as will entitle the party offering it to maintain a cross action. [Crawford v. Simonton, 7 Porter, 110; French v. Garner, Ib. 549; Bell v. Horton, 1 Ala. Rep. N. S. 412; Adams v. McGrew, 2 Ala. Rep. 675; Holmes v. Bullock, 4 Ib. 228.]

2. It is also urged as a reason why this set off ought not to be allowed, that the action, in part, is brought to recover unliquidated damages, supposed to accrue from the omission of the makers of the note, to return the slaves, clothed in the usual manner. We apprehend, however, that no right to recover damages, on this account, passed to the assignee, inasmuch as the engagement, in this respect, is neither a promise to pay *money or any other thing*, and therefore is not assignable within the statute. In Virginia, it has been held, under a statute very similar to our own, that bonds, &c., with a collateral condition are not assignable. [Henderson v. Hepburn, 2 Call. 232; Lewis v. Harwood, 6 Cranch, 83.] Our statute, it will be seen, excludes the idea that such an agreement is assignable, and the only legal effect which can be given to the assignment of the note sued on, is, to consider it as investing the assignee with the right to sue in his own name, for the money promised to be paid.

From what has been said, it will be seen, that our conclusion is, that the plea is sufficient in law, as a bar for so much of the suit as is covered by the note offered as a set off. Also, that the evidence offered should have been admitted at the trial, on the other issue.

Judgment reversed, and cause remanded.