## LOCKHARD v. AVERY & SPEED, USE, &c.

1. A note was executed on the 1st April, 1841, for the payment of $140, on 1st January after, with a memorandum underwritten " to be paid for when started;" held, that this was such an ambiguity as might be explained by extrinsic proof.

2. It being proved that the note was given for a cotton gin, which the defendant had the privilege of trying and returning if it was not good—held, that this was a condition for the benefit of the defendant, which he must take advantage of by plea, and that the note might be declared on, as an absolute promise to pay on the 1st January, 1842, without noticing the condition.

Writ of Error to the County Court of Sumter.

Assumpsit by the defendant in error against the plaintiff, on a promissory note of the following tenor ;

$140.    On the first day of January next, I promise to pay Avery & Speed, one hundred and forty dollars, for value rec'd. 1 April, 1841.    To be paid for when started.

Geo. Lockhard.

The declaration is in the usual form upon the note, as a debt due the 1st January, 1842.    Pleas, general issue, and failure of consideration.

By a bill of exceptions, it appears, that testimony was introduced tending to prove, that the note sued upon was given for a cotton gin, of Avery & Speed's manufacture, and that the note was given upon the condition, to be paid for when the gin was started, or set at work, and that if it did not perform well, a good gin was to be put in its place, and that this was the purpose for which the memorandum was placed upon the note.    It was also proved by a witness, that his farm joined that of the defendant, that he did not know, or believe, that defendant had any gin running upon his plantation up to the time this suit was brought.

Upon this testimony, the defendant moved the Court to charge, that if the testimony was believed by them, the note was variant from that described in the declaration, and the plaintiff could not

recover in this action, which motion the Court refused, and the defendant excepted—which is the matter now assigned as error.

SMITH, for plaintiff in error, submitted the cause.

ORMOND, J.—The question presented upon the record, by the motion to exclude the note from the jury for a variance, is, whether the note is described in the declaration according to its legal effect. It is described as a note falling due on the 1st January, 1842, disregarding the memorandum attached to it, "to be paid for when started." This memorandum, without the aid of extrinsic proof, is without meaning, and neither anticipates or postpones the time of payment agreed upon in the body of the note. It appears therefore to belong to the class of *latent* ambiguities, and open to explanation.

By reference to the proof, it appears that the note was given for a cotton gin, and that by the agreement of the parties, the note was to be paid when the gin was "started," or in other words, when the gin was set at work, and *that if it did not perform well another was to be substituted in its place.*

The intention of the parties doubtless was, that the defendant should have an opportunity of trying the gin, and ascertaining its qualities, before he could be called on for payment. This was clearly a condition inserted in the contract, for the benefit of the defendant, and if the contingency had happened contemplated in the condition, that the gin upon trial did not answer the purpose, he should have pleaded it in abatement, or bar, as the case might have required. The plaintiff was not bound to notice the condition, but might declare upon the positive undertaking of the defendant, to pay by the 1st January, 1842. In the case of a penal bond with condition, the plaintiff may declare on the penalty without noticing the condition, and between that, and the present case, the analogy seems complete. We think therefore the Court did not err in refusing to exclude the note from the jury for a variance, and its judgment is affirmed.