## CUTHBERT & STANLY v. BOWIE.

1. It is competent for a party when sued on a promissory note, to prove its consideration by parol testimony, as preliminary to the introduction of evidence to show that the consideration has failed.
2. Where a party makes a promissory note, payable on a day certain, and simultaneously with the making thereof, subscribes a writing in which he recognizes the note and promises upon the same consideration, to pay an additional sum on a contingency, the writing will be regarded as the last expression of the understanding of the parties, and merge all prior stipulations ; consequently it is not admissible to prove what either party may have said some months previously in respect to the consideration.

Writ of Error to the Circuit Court of Dallas.

THIS was an action of assumpsit at the suit of the plaintiffs upon a promissory note made on the 11th July, 1840, by L. M. H. Walker, and the defendant, by which they promised to pay the plaintiffs five hundred dollars on the 1st of March, 1841. Process issued against both the makers, but was returned " not found," as to the former, and the cause progressed against the defendant only.

The cause was tried upon issues to the plea of of non assumpsit, want of consideration, failure of consideration, and a fourth plea, seting out with particularity, that the plaintiffs were attorney's at law, and in that character were retained by the defendant and L. M. H. Walker as their counsel in a suit in chancery, which was pending in Dallas county, &c., that it was stipulated by the plaintiffs that they would give the proper attention to the suit, until it was determined, in the primary court, and they would argue it in the supreme court, should it be taken there by either party. It is then alledged that the decree of the court of chancery was in favor of the defendant and the co-maker of the note, who were complainants, that the cause was removed to the supreme court, but neither of the plaintiffs appeared there to argue it ; in consequence of which the defendant and L. M. H. Walker

found it necessary to employ other counsel, to whom he paid six hundred dollars. *Further*, under the decision of the supreme court, their bill was dismissed without prejudice, &c. A verdict was returned for defendant, and judgment rendered accordingly.

On the trial, a bill of exceptions was sealed at the instance of the plaintiffs, which presents the following points: 1. Was it competent for the defendant to prove the substance of the verbal agreement entered into sixteen or eighteen months before the note declared on was made, in respect to the retention of plaintiffs as counsel in the cause described in the fourth plea? 2. On the 11th July, 1840, L. M. H. Walker and the defendant subscribed a writing of the tenor following: "It is agreed that Cuthbert & Stanly are to receive, in addition to the sum of five hundred dollars secured by a note by us this day-given—the further sum of five hundred dollars to be paid to them out of the monies to be collected in the case of Minter et al. v. Bowie, in Dallas chancery court, for professional services in said cause." This writing being adduced as evidence, was it competent for the defendant to prove what was the agreement between the parties, when the plaintiffs were engaged as counsel sixteen or eighteen months previous and the failure of the plaintiffs to perform that agreement? The cause having been decided by the court of *chancery*, previous to the making the note and the agreement copied above. 3. The court charged the jury, that if they believed a verbal agreement was made between an agent of the defendant and the co-maker of the note, (as testified by him in the city of Mobile,) and the plaintiff, Cuthbert, and that the services of the latter in the chancery court, were rendered in reference to the engagement stipulated, and Cuthbert had notice that the cause was taken to the supreme court—was requested to give it his attention there, under the same fee which the note sued on, and the other writing, were intended to secure, and refused to do so, and that the verbal agreement thus made constituted the consideration of the note, then the plaintiffs were not entitled to recover in this action.

R. SAFFOLD, for the plaintiffs in error, cited 3 Phil. Ev. 1466-7, 1475-6, 1460-1; 1 Ala. Rep. 160, 320, 436, 357, 423;

4 Id. 660; 2 Id. 280, 571; 5 Porter's Rep. 88; 1 Johns. R. 139; 8 Taunt. Rep. 92; 4 Mass. R. 414; 17 Pick. R. 171; 8 Johns. R. 375; 8 Verm. R. 243.

EVANS, for the defendant in error, cited 3 Ala. Rep. 310; 4 Id. 336; 7 Id. 798, 566; 7 Porter's Rep. 133; 8 Id. 253.

COLLIER, C. J.—Walker v. Cuthbert and Stanley, at this term, was an action for the recovery of the "further sum of five hundred dollars," agreed to be paid by the writing which was adduced at the trial, and we there say that the agreement required the aid of extrinsic proof to ascertain what facts existed when the agreement was made and without the aid of these facts, it is impossible to say, whether the services were to be, or had been rendered. "It is entirely evident, if an agreement of this sort is made with respect to a suit just commenced, the construction would be that the promisees should prosecute it to some final result; but when made with regard to a suit just determined, we think the only proper construction is, that the promise and agreement refers exclusively to services already rendered." *Further*, the intention of the parties to be collected from the agreement is, that the plaintiffs shall be paid whenever the promisors receive the fund or property covered by the suit in which the services were rendered." Again, "The agreement of the parties being rendered definite and certain by ascertaining that 'professional services in said cause,' were services already rendered, it is entirely clear the parties contemplated nothing more; as the condition on which the money was to be paid; and in this view the refual of the plaintiffs to attend to the case in the supreme court could not affect their right to recover the entire sum stipulated."

The construction of the writing, and the conclusion deduced from it, in the case cited, we think furnish a guide for us in the case at bar. In respect to the first point, the circuit court properly refused to reject the evidence of the conversation which the defendant's agent had with the plaintiffs, at the time they were retained as counsel. What was then said, tended to show what professional services were to be rendered by the plaintiffs as a consideration for the fee stipu-

lated. It is clearly competent to prove the consideration of a promissory note, by parol testimony, that it may be seen that it has failed, or is unsupported by any which the law recognizes as sufficient.

But the ruling of the court upon the second point cannot be sustained. When the objection was then made to exclude the evidence of a verbal agreement, the writing subsequently executed had been adduced; this was an agreement containing the last expression of the understanding of the parties, and merged all prior stipulations in regard to the subject matter. Not only " the further sum of five hundred dollars." but the note also, must be held to refer to the " professional services in said cause," for its consideration; although its payment is not to be postponed, until the money adjudged to be paid in the case of *Minter et al. v. Bowie* shall have been collected. This is clearly indicated by the reference to, and adoption of the note by the writing.

What we have said is but a necessary sequence from the case cited, and the charge of the court in giving effect to the verbal agreement, as if the writing had never been executed, is a clear error. The judgment is therefore reversed, and the cause remanded.