## SELF v. HERRINGTON.

1. S. made his promissory note to H. for the payment of $231 57, "for work done on a saw and grist mill, and waste way:" *Held*, that the statement of the consideration did not conclusively indicate that the note was a complete expression of the contract; and that it was competent for S. when sued on the note, to show what was the contract between the parties, that H. stipulated the work should be well done, should answer the purpose for which it was intended, &c.

Writ of Error to the County Court of Pike.

THIS was an action of assumpsit on a promissory note of the following tenor: "One day after date, I promise to pay

Philip Herrington, or bearer, two hundred and thirty-one dollars and fifty-seven cents, for work done on a saw and grist mill, and waste way. Oct. 13th, 1845." The cause was tried on the pleas of *non assumpsit* and "failure of consideration;" a verdict was returned for the plaintiff, and judgment was thereon rendered. From a bill of exceptions sealed at the trial, it appears that a verbal contract was made for the performance of certain work; after its completion, the defendant gave the note declared on, in consideration of the work. The defendant then proposed to prove—1. That the plaintiff warranted the work should answer the purpose for which it was made, and if it was not well done, then the plaintiff would pay for the materials and his board, and charge nothing for the work. 2. That this warranty was made some time before the note sued on was given. 3. When the note was given, the plaintiff stated the original contract was, that he, (the plaintiff,) would pay for the materials and his board, and would charge nothing if the work did not perform well; and that the work, so far from performing well was valueless. This testimony was rejected by the court, upon the ground that parol evidence was inadmissible to change or alter a written contract.

F. S. JACKSON, for the plaintiff in error, cited, 2 Starkie's Ev. 105, 242, and note B and X; 243, and note Y; 752, and note A; 753, and note A; 787, 788, 792, and note 1; 793; 3 Id. 1303, and note A; 1304 to 1309; 1 T. R. 121; 1 Ala. Rep. 42, 135, 357; 6 Ala. Rep. 146.

J. E. BELSER, for the defendant, insisted, that the verbal contract was merged in the writing, and that the latter could not be varied by extrinsic proof. [5 Porter's Rep. 498; 1 Ala. Rep. 161, 436; 5 Id. 521.] Such evidence has sometimes been admitted in cases of fraud and misrepresentation. [3 Stew. & P. Rep. 322; 1 Bay's Rep. 461; 6 Ala. Rep. 146.] Here the note expresses the consideration upon its face, and the parol testimony of an agreement previously or simultane-

ously made, was rightly rejected. [14 Mass. Rep. 154; 1 Cow. Rep. 250; 9 Ala. Rep. 513.]

COLLIER, C. J.—It is an unquestionable general rule, that where parties have entered into a contract in writing, they are presumed to have expressed their agreement truly, and cannot be allowed to add to, vary, explain or contradict it by parol testimony of stipulations previously or simultaneously made. The question is, does the present case form an exception to this rule. Where a writing has been executed by way of part performance merely of a parol agreement, it is said its incompleteness warrants the admission of extrinsic proof. This exception is familiarly illustrated where a chattel has been sold with a warranty not in writing, and a note given for the purchase money. In such case, the note does not merge the parol contract. [6 Ala. Rep. 146; 3 N. Hamp. Rep. 455; 8 Wend. Rep. 116.]

In McCulloch v. Girard, 4 Wash. C. C. Rep. 280, at the conclusion of a parol agreement, the defendant signed a paper promising in a general way to transfer certain shares of stock in a bank about to be organized, as soon as the books for that purpose should be opened. The court said it was a question of fact for the jury, whether the instrument was given in full execution of the parol contract, or in part only; "that if it should turn out that it formed part of the agreement that such a paper should be given, or that a paper of that description was in the ordinary course of defendant's business in respect to transactions of this nature, given by him; evidence of the parol contract will be proper, and will not violate any of the rules of evidence." So where there is a writing importing a sale of personal property, or any other like instrument of transfer, it will not preclude the vendee from proving an agreement between him and the vendor contemporaneous with the instrument, and consistent with its terms, that the value of the property should be applied to the payment of the defendant's debts. [5 Gill & Johns. R. 147, 157. See also, 6 Id. 107; 9 Pick. Rep. 338.] Parol evidence is said to be admissible to prove collateral and independent facts, about which the writing is silent. [1 Phil. Ev. 562, 563.]

The fact that the consideration which induced the making
of the note is expressed upon its face, is not such a circum-
stance as conclusively indicates, that the writing is a com-
plete expression of the contract of the parties.   It serves to
show what was the consideration, and dispenses with addi-
tional proof to this point.   It proves what was the induce-
ment to the making of the note, but does not set out what
were the stipulations in respect to the work, or exclude the
idea that there were any.   The proof of the agreement then,
on the part of the plaintiff, was independent of, and collate-
ral to, the writing, and its admission consequently within the
exception stated.   The county court therefore erred in the
exclusion of the testimony—its judgment is reversed and the
cause remanded.