EVANS *vs.* BELL.

1. In an action on a promissory note which purports on its face to have been given "for the rent of land," the defendant cannot introduce parol proof to show that the payee also agreed to repair the fencing around the land, and that he failed to do so, in consequence of which failure defendant's crop was damaged by the breaking in of stock.
2. When judgment is rendered in the court below against the defendant and his surety on the replevy bond, the judgment will be reversed and properly rendered in the Appellate Court against the defendant alone.

ERROR to the Circuit Court of Morgan.

Tried before the Hon. L. P. Walker.

This was an action, (commenced by attachment) on a promissory note executed by Evans to Bell, purporting to have been given "for the rent of land." On the trial, the defendant offered to prove "that after he had passed into the pos-

session of the land, for the rent of which the note was given, the plaintiff, upon being applied to by the defendant's overseer to repair the fencing around said land, said that it was his (plaintiff's) business to repair the fencing, but that he would take his own time for doing so; and that in consequence of the fencing not having been repaired, the crop planted on said land by defendant was damaged by the breaking in of stock." The evidence was rejected by the court, to which the defendant excepted. There was a verdict for the plaintiff, and thereupon judgment was rendered against the defendant and his surety on the replevy bond.

R. C. BRICKELL, for plaintiff in error.

D. C. HUMPHREYS, for defendant.

PHELAN, J.—The decision of the court below on the point of law is affirmed, on the authority of the case of Paysant v. Ware & Barringer, 1 Ala. 160.

For the error in giving judgment against the security on the replevy bond as well as the defendant, the judgment below is reversed, and rendered against the defendant only in this court.