## HARPER *vs.* COLUMBUS FACTORY.

[ACTION ON PROMISSORY NOTE, BY TRANSFERREE AGAINST MAKER.]

1. *Waiver of security for costs.*—A motion to dismiss a suit brought by a corporation, for the want of security for the costs, (Code, § 2398,) when made on the trial, after a continuance of the cause, comes too late.

2. *Construction of assignment of judgment, and admissibility of explanatory parol evidence.*—A written assignment in these words—" For and in consideration of certain promissory notes made to me this day by W. H., I hereby transfer judgments to him on which he has acknowledged judgment as security of S. I., constable, and authorize him to collect the same and receipt," is not a transfer of the confessed judgment, but of the judgments on which the

confessed judgment was founded; and parol evidence is admissible, in explanation of the writing, to identify the assigned judgments.

3. *Failure of consideration of note.*—In an action by the transferree against the maker of a promissory note, the consideration of which was the assignment of a judgment by the payee to the maker, the fact that the payee afterwards, but before the transfer of the note to the plaintiff, collected a part of the assigned judgment, shows a partial failure of consideration.

Appeal from the Circuit Court of Covington.

Tried before the Hon. Nat. Cook.

This action was brought by the appellee, against William Harper, and was founded on the defendant's promissory note for $500, dated the 26th January, 1856, payable on the 1st January next after date, to William F. Davis or bearer, and transferred by said Davis to the plaintiff. The defendant pleaded the general issue, payment, set-off, want of consideration, and failure of consideration; and issue was joined on all these pleas.

"On the trial of the cause," as the bill of exceptions states, "the defendant moved the court to dismiss the suit, because the plaintiff had not complied with the statute requiring corporations, before commencing suit, to give security for the costs." The court overruled the motion, and the defendant excepted.

The defendant introduced as a witness one Joseph E. Parrish, "who attested the note sued on, and who testified, that the consideration of the note was certain judgments, amounting in all to about $1,000, rendered by him, as a justice of the peace for Coffee county, on the 23d January, 1856, in favor of William F. Davis, the payee of said note, against the defendant Harper, as surety on the official bond of one Samuel Ingram, a constable of said county; which judgments were satisfied by giving two notes, one of which is the note now sued on." He then offered evidence impeaching the validity of the confessed judgments, which the court excluded on motion, and which requires no particular notice; and then read to the jury an instrument of writing, signed by said William F. Davis, dated January 25, 1856, in the following words: "For and in consideration of certain promissory notes made to me to-day by William Harper, I hereby

transfer judgments to him on which he has acknowledged judgment as security for Samuel Ingram, constable, on his official bond, on the docket of Joseph E. Parrish, as justice of the peace, and authorize him to collect the same and receipt, to the amount of $786 30. Hereby relinquish said judgments against him and Joseph E. Albritton, as security aforesaid." The defendant then offered to prove, by said Parrish, " that the parties to said writing acknowledged, in his presence, that it was intended as a transfer of certain judgments, for a failure to collect which on the part of said Ingram, as constable, said judgments which the note was given partly to satisfy were rendered, to said Harper, in part consideration of the execution of the note now sued on; this evidence being offered for the purpose of further showing that, after the execution of said note, and before it came to the possession of the plaintiff in this suit, said William F. Davis collected nearly the whole amount of said transferred judgments, and receipted therefor in his own name; that said written transfer was a part of the consideration for which said notes were executed having been already shown by the witness." This evidence the court excluded, on the plaintiff's objection, " and construed said writing to refer only to the judgment confessed by said Harper, and not to the original judgments on which the rules were founded;" and the defendant excepted to both of these decisions.

All the rulings of the court to which exceptions were reserved are now assigned as error.

PUGH & BULLOCK, for appellant.

WATTS, JUDGE & JACKSON, contra.

R. W. WALKER, J.—The record does not inform us when the pleas were filed; but the summons and complaint were issued in September, 1857, returnable to the spring term, 1858. The trial took place at the fall term, 1858; and the bill of exceptions states that, " on the trial of the cause," the defendant moved to dismiss the suit, because the plaintiff had failed to give security for the

costs. The motion evidently came too late.—*Ex parte* Robbins, 29 Ala. 74; Weeks v. Napier, 33 Ala. 568.

2. The defendant was permitted to read in evidence a written transfer, executed by the payee of the note, and to show by a witness that the same was a part of the consideration on which the note in suit was given. He then offered to prove, that the writing just referred to was intended as a transfer of certain judgments, the failure of the constable to collect which constituted the consideration of the confessed judgments against the defendant as the surety of the constable; and, in connection with this evidence, he proposed to show that, after the giving of the note sued on, and before it was passed to the plaintiff, Davis, the payee, collected nearly the whole amount of the judgments thus transferred by him to the defendant, and receipted therefor in his own name. The court, however, excluded all these parol explanations of the written transfer, and construed it as referring alone to the judgments rendered by confession against the defendant.

We think that the court erred in excluding the parol evidence offered for the purpose of identifying the judgments to which the transfer was intended to apply, and that it also erred in its construction of that instrument. The language employed is, "I hereby transfer judgments to him, *on which* he has acknowledged judgment as security for Samuel Ingram, constable, &c., * * and authorize him to collect the same and receipt," &c. It is obvious that this was not designed as a transfer to the defendant of the judgment confessed by him, but as an assignment to him of the judgments *on which* the confessed judgment was founded. To authorize the defendant to collect and receipt for judgments against himself, would be simply absurd. The writing is rendered sensible by holding it to refer, not to the judgments against the defendant himself, but to judgments against third persons, on which the judgments against the defendant were founded. The question, then, is, on what judgments were the confessed judgments founded? The writing itself does not show,

and in all such cases, parol evidence is admissible, to explain and apply the written instrument, and identify the particular matters intended to be embraced by the general terms employed.—Cowles v. Garrett, 30 Ala. 341; Casey v.-Holmes, 10 Ala. 286; Lockard v. Avery, 8 Ala. 502.

3. If the transfer of particular judgments, by Davis to the defendant, constituted a part of the consideration for the note; and the former, after this transfer, and before the plaintiff obtained the note, collected any part of the transferred judgments, this would show a failure, *pro tanto*, of the consideration on which the note was given, and would be a defense, to that extent, to this action.

The judgment is reversed, and the cause remanded.