## THOMPSON vs. BELL.

[ACTION ON NOTE GIVEN FOR PURCHASE-MONEY OF LAND.]

1. *Admissibility of parol evidence in cases of fraud.*—Where the vendor's title-bond contains no covenant as to the quantity of the land sold, parol evidence is admissible for the purchaser, at law, to show fraudulent representations by the vendor as to the quantity.

2. *Measure of damages to purchaser on account of vendor's misrepresentations as to quantity of land.*—In ascertaining the damages which the purchaser is entitled to recover, on account of his vendor's misrepresentations as to the quantity or quality of the land, the stipulated price is not conclusive evidence of value : where the misrepresentation is as to the number of acres in a particular parcel of the tract, the proper mode of computing the damages is, to multiply the average value (not of the entire tract, but) of the particular parcel per acre, by the difference between the number of acres which it actually contained and the number which it was represented to contain.

3. *Presumption of injury from error.*—Where the circuit court, in instructing the jury as to the measure of damages accruing to the purchaser, on account of his vendor's misrepresentations as to the quantity of land contained in a particular parcel of the tract sold, lays down an erroneous rule, which would not give damages enough, unless the average value of the particular parcel was no greater than the average value of the residue of the tract; and the record does not show that such was the fact, the appellate cannot say that the error worked no injury to the vendor, and therefore refuse to reverse at his instance.

APPEAL from the Circuit Court of Calhoun.
Tried before the Hon. JOHN GILL SHORTER.

THIS action was brought by Robert Thompson, against William M. Bell, to recover the balance due on a promissory note, dated the 27th September, 1854, and payable on the 1st July, 1856. The defendant pleaded, "in short by consent, 1st, payment; 2d, set-off; and, 3d, fraud in the representation as to the quantity of land sold." On the trial, as the bill of exceptions shows, after the plaintiff had read in evidence the note on which the suit was founded, the defendant proved, that said note was given for a part of the purchase-money of a tract of land which he had bought from the plaintiff; and read to the jury, after

Thompson v. Bell.

proving its execution, the plaintiff's title-bond for the land, in which the purchase-money was stated to be the aggregate sum of $6,000, and the lands were thus described: "The south half of section twenty-eight, township sixteen, range ten, east, in the Coosa land-district, all that part lying and being on the west side of the Tallapoosa river, (the river to be the line,) containing two hundred acres, more or less; also, the north-east half of the north-west quarter of section twenty-nine, township sixteen, range ten; also, the north-east quarter of the south-east quarter of section twenty-nine, township sixteen, range ten." "Under the plea of fraud, the defendant proposed to prove, by one McDaniel, that he, as the agent of the defendant, purchased said lands for him, from the plaintiff; and that the plaintiff stated, during the negotiation of the trade, that the south half of section twenty-eight contained two hundred acres of bottom land on the west side of the Tallapoosa river—that there was no mistake in this—that it had been surveyed, and its contents certified, by John Lindsay, the county surveyor of Calhoun county, and a diagram and certificate of its contents had been recorded at Jacksonville. The witness stated, also, that he was particular in reference to the quantity of the bottom land, because the defendant had instructed him, if there were two hundred acres of bottom land on the said half-section west of the Tallapoosa river, to give $6,000 for the tract. To this evidence the plaintiff objected; the court overruled his objection, and allowed the witness to testify to the facts above stated; and the plaintiff excepted. Under the same plea, the court allowed the defendant to prove, by the same witness, that he bargained for, and the plaintiff sold to the defendant, all of the south half of said section twenty-eight west of the Tallapoosa river; and to the admission of this evidence the plaintiff also excepted. Said witness having stated, on cross-examination, that he was acquainted with the land, the plaintiff asked him, if the land included in the boundaries specified in said title-bond was not worth $6,000 at the time of the sale; to which question the defendant ob-

jected, and the court sustained his objection; to which the plaintiff excepted." The plaintiff also reserved several other exceptions to the rulings of the court on the evidence.

"The court charged the jury, that if they believed, from the evidence, that the plaintiff represented to the defendant's agent, at the time of the negotiation of the trade, that the south half of section twenty-eight, west of the river, contained two hundred acres, when, in fact it contained less than that quantity, and that the purchaser was deceived and misled by such representation, then they must ascertain the deficiency in the quantity of the land, and the quantity actually sold and purchased, and the average price per acre at which it was sold, and must then multiply the quantity of acres in which said land was deficient, by said average price per acre; and that the sum thus produced would be the amount which the defendant would be entitled to reduce the purchase-money of said land. The plaintiff excepted to this charge, and requested the court to instruct the jury, that if they believed, from the evidence, that the quantity of land, included in the boundaries, as set out in said title-bond, was worth, at the time of the sale, as much as the defendant agreed to give for the land, then they could not reduce the amount of the plaintiff's recovery on the note, notwithstanding there might be a deficiency in the quantity of the land; which charge the court refused to give, and the plaintiff excepted."

The rulings of the court on the evidence, the charge given, and the refusal of the charge asked, are assigned as error.

HEFLIN & FORNEY, for appellant.—1. The court erred in admitting parol evidence of the plaintiff's representations, made during the negotiation of the contract, as to the quantity of land in the south half of section twenty-eight. The title-bond is perfect, and free from ambiguity; and parol evidence could not be received, to change its legal effect.—*West v. Kelly*, 19 Ala. 353; *Gray v. Gray*,

22 Ala. 233 ; *Walker v. Clay*, 21 Ala. 797 ; *Long v. Davis*, 18 Ala. 801. The evidence did not establish fraud, but simply a mistake, on the part of the vendor ; and chancery alone can give relief against mistakes in a written instrument.—*Waddell v. Glassell*, 18 Ala. 561 ; *Gayle v. Hudson*, 10 Ala. 116 ; *Larkins v. Biddle*, 21 Ala. 252. The words "more or less", following the description of the land in the title-bond, are not a covenant as to quantity.—1 Ala. 320, 419 ; 19 Ala. 680.

2. The plaintiff ought to have been allowed to ask the defendant's witness, on cross-examination, if the land actually within the boundaries was not worth as much as the defendant gave for it ; since, if that was the fact, the defendant had sustained no damage.—*Pritchett v. Munroe*, 16 Ala. 785.

3. The charge of the court laid down an erroneous rule for the ascertainment of the defendant's damages.—*Hogan v. Thorington*, 8 Porter, 430 ; *Pinkston v. Huie*, 9 Ala. 256 ; *Marshall v. Wood*, 16 Ala. 812 ; *Whiteside v. Jennings*, 19 Ala. 790 ; *Gibbs v. Jemison*, 12 Ala. 820 ; *Willis v. Dudley*, 10 Ala. 938 ; *Kornegay v. White*, 10 Ala. 255 ; *Worthy, Brown & Co. v. Patterson*, 20 Ala. 172 ; *Marshall v. Gantt*, 15 Ala. 686 ; *Stoudenmeier v. Williamson*, 29 Ala. 558. Moreover, it invaded the province of the jury, in assuming the question of intention.

4. The charge asked ought to have been given.

G. C. WHATLEY, *contra.*—1. The parol evidence was offered under the plea of fraud, and was clearly competent to sustain that plea.—*Dixon v. Barclay*, 22 Ala. 370 ; *Rives v. Plank Road Co.*, 30 Ala. 92 ; 17 Geo. 513.

2. The question propounded to the defendant's witness on cross-examination, if allowed, would establish an incorrect measure of damages.—*Foster v. Rogers*, 27 Ala. 602 ; *Marquis v. Gibson*, 29 Ala. 668. The same authorities show, that there is no error in the refusal of the charge asked.

3. The charge of the court, as to the measure of dam-

ages, is sustained by *Stow v. Bozeman*, 29 Ala. 397. If erroneous, the error worked no injury to the appellant; since the bottom land, which constituted the principal inducement to the purchase, was of greater value than the residue of the tract.

A. J. WALKER, C. J.—It was permissible for the defendant to prove the plaintiff's misrepresentation as to the quantity of the half-section west of the Tallapoosa river. It is true that the bond for titles shows upon its face that there was no covenant as to the quantity; but the rule which forbids that a written contract should be varied by parol evidence, has never been understood to exclude parol proof of fraudulent representation as to a material matter not covered by the stipulations of the written contract. There was, therefore, no error in admitting the evidence of the misrepresentation as to quantity.—*Pierce v. Wilson*, 24 Ala. 596; *Dixon v. Barclay*, 22 Ala. 370; *Cowles v. Townsend & Milliken*, 31 Ala. 134; *Waddell v. Glassell*, 18 Ala. 561; *Hair v. La Brouse*, 10 ib. 554; *Litchfield v. Falconer*, 2 Ala. 580; *Paysant v. Ware & Barringer*, 1 Ala. 166; *Mead v. Steger*, 5 Porter, 505; *Cozzens v. Whittaker*, 3 St. & P. 326.

[2.] The measure of damages accruing to the purchaser of land, in consequence of a misrepresentation, is the excess of the value which it would have had, if it had corresponded with the representation, above the value which it actually had; and the authorities say, that the price at which the purchase was made, is evidence of value. But those authorities do not mean, that the stipulated price is conclusive evidence of value. To make the price paid, or agreed to be paid, the unbending test of the value upon the supposition of the truth of the representation, would deprive the purchaser of the benefit of his bargain; while it is well established, that the parties to a contract, free from fraud, or other legal objection, are entitled to all advantages which they may respectively obtain by it.—*Stow v. Bozeman*, 29 Ala., and cases there referred to.

Thompson v. Bell.

Where the misrepresentation is as to the quality, the damages are readily ascertained, by inquiring what would have been the value, if there had been a correspondence in quality with the representation, and what is the actual value. But, where the false representation is as to the quantity contained within given boundaries, it is obviously proper that the law should supply some farther aid for the ascertainment of damages. A witness could not answer what the value would have been, if there had been the number of acres represented; for that would require the ascertainment of the value of the deficient quantity, which having no actual existence, and therefore of no assignable quality or defined location, could not be tested in reference to its value by the judgment of an expert. Hence it was that, in the case of *Stow v. Bozeman*, (29 Ala. 397,) where there was a mere difference between the actual and the represented quantity, this court laid down a rule to guide in the ascertainment of the excess of the value, if the representation had been true, above the real value. That rule was, to ascertain the average value per acre of the tract, and multiply that by the number of acres in the deficiency. *Kelly v. Allen*, 34 Ala. 663 ; *Williams v. Mitchell*, 30 *ib.* 299. In nothing said in *Stow v. Bozeman* is it intimated, that the price paid is the controlling standard of value.

The misrepresentation in this case was not as to the quantity in the aggregate of the land sold, but as to the quantity in a distinguishable parcel of the land sold, described as so much of the south half of a particular section as lay west of the Tallapoosa river. The injury done to the purchaser by the misrepresentation, was not that the entire tract did not contain the number of acres represented, but that there was a deficiency in the quantity of the particular parcel. It may be that the average value of the particular parcel is altogether different from the average value of the entire tract. It may be that, in consequence of some peculiarity of location, or pervading quality, land in the particular parcel may be of much greater or much less value than the average of the entire tract. If

we bear in mind the leading principle which controls in ascertaining the damages—that the value upon the supposition of a correspondence with the representation is to be determined—it will be apparent, that we are not to look, in such a case as this, to the average value of the entire tract. We must ascertain what would have been the value of the land bought, if the particular parcel had contained the quantity which it was represented to contain ; and the proper mode of ascertaining that is, to determine the average value of the particular parcel, and multiply that by the deficient quantity. The representation in this case seems to have embraced not only the quantity, but the character of a particular parcel. It was, that the two hundred acres were bottom land in the particular lot. It is obviously proper, therefore, that the average value of the lot should be determined upon the supposition that the land was of that character.

The court below instructed the jury to multiply the deficiency by the average value of the entire tract. This would give too small a measure of damages, if the other land in the tract was of less value than that of the particular parcel ; and if we knew that to be the case, we would refuse to reverse on account of that error of the charge; for it would be plain that the appellant had sustained no injury. But we are not authorized by the bill of exceptions to say that the rest of the land was of less value than that to which the representation refers.

If there was any deficiency in the preliminary proof upon which the surveyor's testimony was admitted, it can probably be supplied upon a future trial, and we need not decide any thing in reference to it.

The judgment of the court below is reversed, and the cause remanded.