# GAINES ET AL. *vs.* SHELTON.

[ACTION ON PROMISSORY NOTE.]

1. *Promissory note; what instrument may be declared on as such.*—A contract in the form of a promissory note for the hire of a slave may be declared on as a promissory note, notwithstanding, besides the promise to pay a sum certain in money, there is also a promise in the same instrument to furnish the slave with certain articles of clothing, pay his taxes, and return him to the owner at a stipulated time. Nor is it necessary that any notice be taken in the complaint of the latter stipulations, where no recovery is sought upon these stipulations.

2. *Written contract; what questions tend to vary, modify, and change.*—In such a suit, the pleas, being in short by consent, "general issue, failure of consideration, want of consideration and frauds", the plaintiff having offered in evidence the note and rested his case, the defendant, having offered at the time of asking the questions no evidence in support of his pleas, offered to ask a witness the following questions : "State the contract in full that was made between you and plaintiff in reference to the hire of this negro, at said time and cotemporaneous with the signing of said instrument. Was there a warranty of soundness given by plaintiff? Did not said warranty form, in part, the consideration of said agreement or contract? Was not said warranty a part of contract?" &c.,—*Held*, that the court properly refused to permit an answer to the questions, as they tended to add to, vary and change the written contract between the parties.

3. *Consideration; when inquiry as to precluded.*—Where the parties have fixed the consideration, and stated it in the contract as a part of the agreement, this precludes an inquiry into the question of a failure of consideration, unless there is fraud, misrepresentation, or deceit.

APPEAL from the Circuit Court of Greene.
Tried before the Hon. LUTHER R. SMITH.

THIS was an action of debt by the payee against the makers of a promissory note, for $200, dated 28th of January, 1860, and payable January 1st, 1861. The complaint pursues the form laid down in the Revised Code in such a case.

Defendants pleaded in short by consent, " general issue ; want of consideration ; failure of consideration, and

frauds." There was a jury trial, and verdict for the plaintiff.

Plaintiff offered in evidence an instrument, of which the following is a copy:

" '$200          Greene County, Ala., 28th January, 1860.

" 'For the present year's hire of a negro man, Jackson, we promise to pay Mr. John C. Shelton, on the 1st of January next, two hundred dollars, and to provide the said slave with two suits of summer clothes, one suit of winter clothes, two pairs of shoes, a hat and blanket; also, to pay his taxes, and return him to the said Shelton the 25th of December, 1860. This negro is hired to work on the plantation now occupied by Fountain Gaines, and not elsewhere. (Signed,) Fountain Gaines and Robert Taylor.' To the introduction of said instrument defendant objected, because the same did not support the cause of action declared on. The objection was overruled, and plaintiff read said instrument to the jury, and without other evidence rested his case. The defendant was then placed upon the stand as a witness, to whom the following questions were propounded : State the contract in full that was made between you and plaintiff in reference to the hire of this negro? At said time, and cotemporaneous with the signing of said instrument, was there a warranty of soundness given by plaintiff? Did not said warranty form, in part, the consideration of said agreement or contract? Was not said warranty a part of the contract? What was the consideration of said contract? Has or not the consideration of the same wholly failed ? Has it partially failed ? To each of these said several questions the plaintiff objected. 1st, because the answers to same tended to add to, vary and change the written contract between the parties, and that the same could not be so added to, varied and changed by parol evidence. His objections were sustained, to each and all of said questions, by the court. To all these several rulings of the court the defendant excepted. This was all the evidence. The court then charged the jury, 'that the instrument read to them by plaintiff was sufficient to sustain said cause of action, as

declared on; that all other understandings and agreements between the 'parties were merged in the written contract read to them; that the same could not be varied, changed or altered by parol testimony; and that the defendant must prove fraud to make it a defense, and that no warranty was expressed in the face of the instrument.'' To all of which defendant excepted."

The matters excepted to, and the charge, are now assigned as error.

PIERCE, MORGAN & JOLLY, for appellant.—1. The rule is, that the contract must be stated correctly, and if the evidence differ from the statement, the whole foundation of the action falls.—See 1 Chit. Pl. 304, note 1, and authorities cited.

This contract is not correctly described in the complaint, nor stated according to its legal effect. Hence, the court erred in permitting the same to go to the jury as evidence.

2. The defendant Gaines should have been permitted to state the contract in full between the parties, and what the full consideration of the same was, as understood and agreed at the time of the execution of the written instrument.—*Corbin v. Sistrunk*, 19 Ala. 203; *Newton v. Jackson*, 23 Ala. 335; 2 Par. Contracts, note *y*; 5 Md. 121; 12 Texas, 49.

It is evident that the object of the testimony was not to change or alter the terms of the written contract in any particular, but to show to the jury what the contract really was between the parties, and the entire consideration thereof.

3. The court certainly erred in not permitting the questions to be asked as to whether the consideration of the contract had failed in whole or in part.—*Long v. Davis*, 18 Ala. 801; *Corbin v. Sistrunk*, 19 Ala. 203.

4. The court erred in his charge to the jury. It is certainly a novel idea that fraud in a contract must be proved before a party can get the benefit of the legal defenses of want and failure of consideration.

J. B. CLARK, *contra.*—The declaration was well laid. *McRae v. Raser,* 9 Porter, 122, and the authorities there referred to.

The answers to the questions put to the witness tended to add to, vary and change the written contract between the parties.—*Cowles v. Townsend & Milliken,* 31 Ala. 133, 428 ; *Mead v. Steger,* 5 Porter, 498.

PETERS, J.—1. There can be no doubt, that such an instrument as this contains several stipulations, a breach of any one of which would constitute a cause of action ; and in declaring on it the plaintiff may assign a breach on any single one of them.—Rev. Code, § 2633. The first stipulation of the contract above set out is a promissory note, and it has been so treated by this court from an early day.—*McRae v. Raser,* 9 Port. 122 ; *S. C.* 5 Smith Cond. Ala. Rep. 435 ; *Winston v. Metcalf,* 7 Ala. 837 ; Story on Prom. Notes, p. 1. There was, then, no error in overruling this objection.

2. The language of the bill of exceptions as to the evidence proposed is somewhat uncertain. In such case it will be so construed, if possible, as to sustain the ruling of the court.—23 Ala. 345.

The plaintiff objected to the defendant's attempt, as is shown in the bill of exceptions, "because the answers" to the defendant's questions "tended to add to, vary and change the written contract between the parties, and that the same could not be so added to, varied and changed by parol evidence." On these grounds the court sustained the objection. This was certainly correct.—Shepherd's Digest, p. 599, § 1.

It is true, that all contracts are subject to be impeached for a *want* of consideration in the first instance ; because where there is no consideration, there is no contract. It is *nudum pactum,* and has no obligation which the law will enforce.—2 Bl. Com. 446 ; *Sturgis v. Crowningshield,* 4 Wheat. 197, MARSHALL, C. J. ; 1 Pars. Con. p. 32 ; *Beal v. Ridgeway,* 18 Ala. 117 ; *Holt v. Robinson,* 21 Ala. 106 ; Rev. Code, § 2632. And some contracts may be impeached

for failure of the consideration, in whole or in part.—*Long v. Davies,* 18 Ala. 801 ; 1 Pars. Con. 462, 5th ed. and notes. It is presumed, however, that this latter rule is not general, but only applies where the consideration consists of several parts, which can be apportioned. Where the consideration is entire, as is the case here, (18 Ala. 441), if it is sufficient at the making of the contract, it cannot fail, because the consideration turns out to be less valuable than was expected. In such a case, where the parties have fixed the consideration themselves, and stated it in the contract as part of the agreement, this precludes an inquiry into the question of a failure of the consideration, unless there is fraud, misrepresentation or deceit.—1 Pars. Con. 456, *supra.* Because there can be no failure of consideration, when a party gets what he contracted to receive. The hiring of a slave for a fixed period of time imposes upon the hirer a liability to pay the price agreed on at the time it may fall due, unless the person who hired out the slave defeats the contract by his own conduct. The consideration in this instance is the right to use the slave for the time agreed upon. It is a sale of his services for the time fixed by the agreement of the parties.—*Ricks v. Dillohanty,* 8 Port. 133 ; *Perry v. Hewlett,* 5 Port. 319. If the right to convey this exists at the time of the hiring, and it is actually conveyed, there can be no failure of consideration afterwards ; because it cannot be said that the party, to whom the slave was hired, did not get what he purchased.—1 Pars. Con. 465, *supra.* Here it was not attempted to be shown that the consideration mentioned was not the true one, or that there was a total want of consideration in the beginning, or that the contract had failed by the conduct of the plaintiff, or that there was any fraud or deceit ; but it was attempted to be shown by parol that the written contract was different from its written terms, so as to defeat it. This is not allowable, where the consideration, as in this instance, is entire and expressed in the face of the instrument.—*Evans v. Bell,* 20 Ala. 509 ; *Paysant v. Ware et al.,* 1 Ala. 160.

The action of the court below was in conformity with these principles. Its judgment is, therefore, affirmed.