# Reader *v.* Helms.

*Bill in Equity to Enforce Vendor's Lien.*

1. *Oral evidence; when admissible to show consideration of a note; allusion to case of Gaines v. Shelton.*—It is always permissible to show the consideration of a note which does not express on its face for what it was given, in order to lay the foundation for the enforcement of the vendor's lien; and

in doing this the rule against adding to, or varying a written contract by parol evidence, is not violated. The decision in *Gaines v. Shelton*, 47 Ala. 413, as to the extent to which parol proof is inadmissible to show the consideration of a contract, is not reconcilable with the principles uniformly, before that time, adhered to in this State.

2. *Same; when admitted to explain certain inferences as to the sale of lands.*—In a suit to enforce the lien of purchase-money notes upon lands, the issue being whether the lands were sold as an entirety, or whether there were two separate sales or contracts, the fact that one of the purchase-money notes, given when the writings were first drawn up, shows that it was given for a part only of the land, or one tract, goes to show that two contracts were made; it is but evidence tending to prove that fact, and oral proof may be received to rebut such inferences without infringing the rule against adding to or varying the terms of a written contract.

3. *Reason for rendering decree and remanding cause.*—The appellant being entitled to relief as to all the lands upon which the vendor's lien was claimed, this court reverses the decree below and renders decree here granting the relief; but as the lands may be sold in such parcels as might save the vendee's homestead, the cause is remanded to the court below to adjust the details of the decree.

APPEAL from Chancery Court of Barbour.

Heard before the Hon. B. B. McCRAW.

In this cause the complainant (Reader) claims a vendor's lien upon four hundred acres of land in the possession of Hilliard Helms, defendant. Helms purchased the land in controversy from one Thomas Shepherd, or rather executed and delivered his promissory notes for said land, payable to said Shepherd. Before the 17th of January, 1870, Helms paid up all the purchase-money notes on said land, excepting one note for one thousand one hundred and twenty dollars, which note complainant alleges Helms executed and delivered to Shepherd a few weeks previous to the 17th of January, aforesaid, as the last payment and balance due on said purchase-money. Before the 17th of January, 1870, Thomas Shepherd conveyed all of said lands to said Helms, and put him in possession. After said conveyance, and before the 17th of January, complainant alleges that said Thomas Shepherd, for a valuable consideration, transferred and delivered to him one of said notes, which was for one thousand one hundred and twenty dollars, together with the vendor's lien upon said lands, with all of the rights which attached to said notes in the hands of said Shepherd. On said 17th of January, Helms executed and delivered to complainant his note for said sum of one thousand one hundred and twenty dollars, payable December 25, 1871, which note was given in lieu of the original note of the same amount, payable to Shepherd and transferred to complainant. Complainant avers that the understanding between him and Helms was that the new note executed by Helms was to be

considered just like the original note so far as being a lien, &c., upon the lands. That Helms made a part payment of said note on the 17th of January, 1871, and the remainder of said note has not been paid by Helms. There were two tracts of land described in the bill, and the defendant admits that complainant has a lien upon one of these tracts by the note transferred to him by Shepherd—the tract known as the Medley land, embracing one hundred and sixty acres, and denies any lien as to the two hundred and forty acres, which he calls the Shepherd tract. The complainant insists that the note given by Helms to Shepherd three months after the purchase of the two hundred and forty acres, and after the first body had been paid for, was a lien not only on the one hundred and sixty acres, but on the other body also, and this is the matter of difference in this suit. The testimony of Shepherd shows that said lands were not purchased by tracts, but were purchased as a whole; that the price of said lands was given in the aggregate at two thousand eight hundred dollars. Promissory notes were given by Helms for the purchase of the whole four hundred acres, but were not given on the same day. Helms had been in the occupancy of said lands for about two years, but the legal title to one hundred and sixty acres was in one Eldridge Medley, who was bound to make titles to Shepherd, but for the convenience of all parties, and to avoid making more than one deed, Shepherd and wife conveyed only the two hundred and forty acres to Helms for one thousand six hundred and eighty dollars, but afterwards Shepherd procured Medley to execute his deed of the one hundred and sixty acres to Helms, which was done in Helms' presence, who accepted the deed from Medley in lieu and instead of a deed from Shepherd for said one hundred and sixty acres. It is not denied by either party that the purchase of the two tracts was made under *one contract*, and that Helms took possession of the two tracts—the four hundred acres—at once. The note held by complainant did not show on its face the consideration for which it was given, but oral testimony was permitted to prove the consideration. This was objected to by defendant, on the ground that it would be allowing a written contract to be varied by parol evidence. Upon the final hearing on the pleadings and proof, the chancellor adjudged and decreed that the plaintiff had a lien upon the one hundred and sixty acres, and not upon the two hundred and forty acres, described in the bill. The complainant now assigns the decree as error, stating that the court erred in subjecting only a part of the land to pay—

[Reader v. Helms.]

ment of the purchase-money, and for failing to make a decree subjecting the whole of the lands (four hundred acres) described in the bill.

D. M. SEALS and FERN M. WOOD, for appellants.—1. Respondents' solicitors say that complainant is estopped from proving by parol that the note held by him was given as a part payment of the four hundred acres, because they say that there was a deed for two hundred and forty acres of the land made by Shepherd and wife, on the 21st of September, 1869, and the consideration therein is one thousand six hundred and eighty dollars, and that this note is not a part of that. They insist that the effect is to contradict, vary, or add to a written contract. The authority in 47 Alabama, cited by them, has no application to this case. It is allowable in suits of this kind—to enforce vendor's lien upon land—to prove by parol a state of facts which apparently contradicts a writing under seal. Equity allows a payee or assignee to prove by parol that a note is due and unpaid as purchase-money in the face of the solemn recitals in the deed that the purchase-money was actually paid ; and upon such proof, the court will decree a sale of the very land.

2. The manifest weight of the testimony is that there was but one contract for the sale of the whole four hundred acres of land. Helms took possession of all of the land—both tracts—under the one contract. The sale was made for the whole four hundred acres at one time, though the deeds and notes were executed at different times.

JERE. N. WILLIAMS, contra.—1. If any single note that was given by Helms was executed for the whole four hundred acres, then every note was given for the whole four hundred acres. But how can the note of one thousand one hundred and eighty dollars, executed September 21, 1869, be held as given for the whole four hundred acres, when said note expresses its own consideration, and limits itself to the two hundred and forty acres? When a note or obligation expresses the consideration for which it is given, no other consideration can be added, nor can it be shown by proof or otherwise, that there was a consideration other than and different from that expressed — Gaines v. Shelton, 47 Ala. 413.

2. Even if Shepherd and Helms did originally bargain or agree as to the whole four hundred acres, yet if at different times afterwards, and for reasons satisfactory to themselves, they completed the bargain by executing deeds and

notes to specific and different parts of the land, then the purchase-lien can extend only to such specific and different parts respectively.

STONE, J.—We think the testimony in this cause, if we are permitted to consider it, fully proves that the sale of lands by Shepherd to Helms was one entire contract of sale of the four hundred acres for the aggregate sum of $2,800, and not two separate sales or contracts. And if we are correct in this, then it will follow that the note in suit is part purchase price of the entire tract, and not the entire purchase-money of the 160 acres. We deem it unnecessary to collate or consider the testimony in detail. We think it leaves no reasonable ground to doubt the individuality of the contract, so far as the acts and intentions of the parties disclose the same.—*Pierce v. Wilson*, 34 Ala. 596.

It is contended, however, that we can not consider this testimony, because its tendency and effect, if allowed, are to vary the terms of the written contract. *Gaines v. Shelton*, 47 Ala. 413, is relied on in support of this proposition. We have carefully examined the case referred to, and think it is not reconcilable with the principles uniformly, before that time, adhered to in this State.—See *Self v. Hennington*, 11 Ala. 489; *Corbin v. Sistrunk*, 19 Ala. 203; *Thomas v. Barker*, 37 Ala. 392; *Cowan v. Cooper*, 41 Ala. 187. The parol evidence in this case did not add to, or vary any term of the written contract. There was no writing which expressed what was the consideration of the note sought to be enforced. The whole purpose was to show what was, in fact, the consideration of the note, which, on its face, did not disclose in what the consideration consisted. This is always permissible, in order to show a foundation for a vendor's lien; for few notes given in the purchase of land, show the consideration on which they are given.

The main point of the argument in this case rests on the fact that in one of the notes given when the first writings were drawn, the consideration expressed is the 240 acres that were conveyed by the first deed. This, it is contended, shows that there were two distinct purchases; the first, of 240 acres for sixteen hundred and eighty dollars, and the last, of 160 acres for eleven hundred and twenty dollars. If the evidence furnished by the papers stood alone, we might hold that it establishes the proposition contended for. We think, however, it is but evidence tending to prove the fact, and that oral proof may be received to rebut such inference, without

[Reader v. Helms.]

invading the rule against adding to, or varying the terms of a written contract.   In fact, there is nothing in the written contract sought to be enforced, which the oral testimony varies or contradicts.—*Mead v. Steger*, 5 Por. 498; *Simonton v. Steele*, 1 Ala. 357; *Murclin v. Cook*, 1 Ala. 41; *Litchfield v. Falcour*, 2 Ala. 380; *Honeycut v. Strother*, *ib.* 135; *McNair v. Cooper*, 4 Ala. 660; *Saunders v. Hendrix*, 5 Ala. 224; *Pollard v. Stanton*, *ib.* 451; *Cane v. Burns*, 6 Ala. 780; *Pettus v. Roberts*, *ib.* 810; *Laroque v. Russell*, 7 Ala. 798; *Br. Bank v. James*, 9 Ala. 949; *Cuthbert v. Bowie*, 10 Ala. 163; *Self v. Hennington*, 11 Ala. 489; *Brown v. Isbell*, *ib.* 1009; *Strother v. Butler*, 17 Ala. 733; *Murrah v. Br. Bank*, 20 Ala. 392; *Dixon v. Barclay*, 22 Ala. 370; *Blackburn v. Minter*, *ib.* 613; *Newton v. Jackson*, 23 Ala. 355; *Tarlton v. Johnson*, 25 Ala. 300; *Chamberlain v. Gaillard*, 26 Ala. 504; *Eckles v. Carter*, *ib.* 563; *Saltonstall v. Riley*, 28 Ala. 164; *Hair v. Little*, *ib.* 236; *Cowles v. Garrett*, 30 Ala. 341; *Thomason v. Odum*, 31 Ala. 108; *Evans v. Billingslea*, 32 Ala. 395; *Harper v. Columbus Factory*, 35 Ala. 127; *Thompson v. Bell*, 37 Ala. 438; *McGehee v. Rump*, *ib.* 651; *Crook v. Chambers*, 40 Ala. 239; *Patton v. Gilmer*, 42 Ala. 548; *Prince v. Bates*, 19 Ala. 105.

The decree of the Chancery Court is reversed; and this court, proceeding to render the decree that court should have rendered, doth hereby order and decree that the complainant is entitled to relief as to the entire four hundred acres of land, for the payment of the amount due him on said judgment and the costs of that suit.—See *Kelly v. Payne*, 18 Ala. 371.

But inasmuch as it may be desirable to sell the lands, not as one body, but in a certain order, so as to save the defendant's homestead, if possible, we will leave the court below, which has better opportunities for meting out proper equities than we can have, to adjust the details of the decree.    The register will report to the next term of the Chancery Court the amount that will be then due to complainant, including interest and costs.

Reversed, rendered and remanded.